SEABOARD SURETY CO. v. PERMA-CRETE CONST. CORP. et al.

Civ. A. No. 12813.

United States District Court
E. D. Pennsylvania.

May 19, 1952.

Daniel Mungall, Jr., of Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff.

Harry Norman Ball and Morris L. Weisberg, Philadelphia, Pa., for defendants Thomas B. Smith Co. and Davis P. Smith.

KIRKPATRICK, Chief Judge.

The complaint in this case alleges that Smith, as part of a conspiracy in which he and the other defendants all participated, transmitted to the plaintiff certain documents relating to the financial situation of Permacrete, and also made certain false representations to the plaintiff concerning Permacrete's finances, that the plaintiff, relying upon the documents and representations, bonded Permacrete's building operation, and that the plaintiff suffered loss in consequence. In support of this motion for summary judgment, Smith (for himself and his company) has filed an affidavit not denying that he delivered the documents in question but stating that he acted in the transaction as an innocent agent for Permacrete, and asserting that he had no knowledge or information at the time which would lead him to believe that the documents did not correctly reflect Permacrete's financial position and that he made no representations of any kind.

The complaint and answer raise the issue of Smith's participation in the alleged fraud, which in the light of the argument might be narrowed to whether or not he knew that a sum of $160,000 which Permacrete had in the bank was borrowed money and was not capital or surplus, as represented. This is certainly a material issue of fact and I do not see how the defendant can remove it from the case by filing an affidavit which is, actually, no more than an amplification of the denials contained in his answer, with emphasis. There may be cases in which, on a motion for summary judgment, the answering party is required to come forward with counter affidavits or other proof, as where the moving party, by affidavit, raises a new issue outside the scope of the complaint—a release, for example—by way of avoidance, but this is not one of them. The rule, Fed.Rules Civ. Proc. rule 56(c), 28 U.S.C., specifically requires that the *"pleadings*, depositions, and admissions on file, together with the affidavits" must show that there is no genuine issue. "An affidavit cannot be treated, for purposes of the motion to dismiss, as proof contradictory to well-pleaded facts in the complaint", Frederick Hart & Co., Inc. v. Recordgraph Corporation, 3 Cir., 169 F.2d 580, 581, see also Reynolds Metals Co. v. Metals Disintegrating Co., Inc., 3 Cir., 176 F.2d 90, and the statement applies equally to a motion for summary judgment.

Although I think that the complaint alone would be sufficient to sustain the genuineness of the issue against the defendant's affidavit, the plaintiff's counter affidavit, that of a witness who participated in the negotiations, states facts which if believed would strongly indicate that Smith knew that the $160,000 in question was borrowed money. It was argued that the plaintiff's answers to interrogatories show such a lack of knowledge of the charges against Smith, as stated in the complaint, as to show that the issue is not genuine, but the answers merely show that the negotiations were carried on for the plaintiff by Parker, an agent who is no longer in the plaintiff's employ, and that Parker was the plaintiff's main source of the plaintiff's information as to Smith's part in the transaction. All the information which any corporation has, when it pleads a cause of action, comes to it through agents. If Parker should be unavailable at the trial or should support the defendant's version of the transaction, the case against Smith might fail, but to say

that the plaintiff will be unable to establish its case at the trial on any particular issue is a very different thing from saying that there is no issue.

The motion is denied.