Roger I. KNOX, Plaintiff,

v.

J. Leland ANDERSON, Defendant.

Civ. No. 1382.

United States District Court
D. Hawaii.

Nov. 5, 1957.

Smith, Wild, Beebe & Cades, Honolulu, Hawaii (J. Russell Cades, Milton Cades and William B. Borthwick, Honolulu, Hawaii), of counsel, for plaintiff.

Robertson, Castle & Anthony, Honolulu, Hawaii (J. Garner Anthony, Honolulu, Hawaii, and Bertram Fields, Beverly Hills, Cal.), of counsel, for defendant.

McLAUGHLIN, Chief Judge.

This case was filed in April, 1954. In October of that year plaintiff took the deposition of defendant in Honolulu, Hawaii. Litigation commenced in January, 1957, and continued with minor recesses until early in May, 1957, and at that time a continuance to October 28th was had not only to accommodate the party defendant but the lawyers and the Court itself. During this lengthy continuance of over five months certain changes in circumstances have occurred which the defendant asked the Court to take cognizance of.

Defendant is a resident of California and during the continuance of this trial returned to his home in Los Angeles. In his absence his attorney, William F. Quinn, Esq., who had been in charge of his defense, was appointed Governor of the Territory of Hawaii. Mr. Quinn had associated with him at the outset of the trial, Bertram Fields, Esq., an attorney from Los Angeles. After Mr. Quinn's appointment to the governorship the Court was advised that Mr. Fields would carry on, and in view of this change of attorney the date resuming the trial was extended to November 25, at which date it now stands.

During the weeks and months that this case has been on trial the defendant Anderson has been in attendance continuously and, indeed, brought to this jurisdiction several mainland expert witnesses of his own. Court and counsel have endeavored during the four months of trial to accommodate everyone as well as to minimize the expense. To this end the Court heard certain defense witnesses out of turn and during the course of plaintiff's case so that they might be excused. The defendant was called by the plaintiff as an adverse witness. He was examined under circumstances described by the record which indicates that the examination was not as extensive as had been planned, based on attorney Quinn's representation that Mr. Anderson as a party defendant would during the defense take the witness stand. That representation I know was made in good faith. The Court accepted it and thereon based its ruling limiting the scope of the examination of Mr. Anderson.

Now, on October 18th, five weeks in advance of the re-set date for resumption of trial, notice is served on the plaintiff by Anderson's attorney, J. Garner Anthony, of the firm of Robertson, Castle & Anthony, of which attorney Quinn had been a member of an intent to take Anderson's deposition on November 4 in Los Angeles. This would be done under the provision of Rule 26(d)(3), subsection 2, Federal Rules of Civil Procedure, 28 U.S.C.A., and thus obviate Anderson's returning to this jurisdiction to testify for the defense. Objection is made by plaintiff under Rule 30(b). In opposition to the objection, Anderson filed an affidavit reciting among other things that this litigation has caused his business to suffer, that he has been put to tremendous expense already by being attendant at the trial and of paying attorneys and expert witnesses, and that his counsel, Mr. Fields, is now beset with the necessity of taking over certain commitments of the senior partner of his firm who suddenly died. It is argued that to accommodate Mr. Fields and his commitments to the courts of California, as well as to accommodate Mr. Anderson, the Court should overrule the objections

to the notice to take his deposition in Los Angeles on oral interrogatories and allow the same to be taken.

■ It is not crystal clear under the rules that during a trial or a recess therein, a party may as of right take a deposition. There is language in the first few lines of Rule 26 that would give weight to the contention that a deposition under these circumstances might be taken as of right. However, when correlated with Rule 30, I am satisfied that a deposition may be taken during a trial not as of right but within the discretion of the Court.

■ It is said that the objections voiced to the taking of the deposition are not seasonably made in that they were not filed until a week had elapsed. The words "seasonably made" are used in Rule 30(b). The word "Seasonable" is like the word "reasonable." It is subject to a variety of definitions all having reference to the circumstances. And certainly here, in view of the conceded size and complexity of this litigation I do not feel that one week or indeed the lesser number of working days between Friday and Friday can be said to render this voicing of the objections to be unseasonable.

■ Defendant has argued that if under the circumstance the Court does not feel that oral interrogatories should be allowed that at least, in fairness to the defendant's circumstances as well as counsel's, I should allow this deposition to be taken upon written interrogatories. It has even been suggested that I could permit the taking of oral interrogatories upon the condition that defendant defraying the cost of plaintiff's attorneys being in attendance in Los Angeles. In the light of the representations made by Anderson in his affidavit that his business has suffered, it might not be in order to impose this latter condition when he could better use the same amount of money to be here himself. So far as allowing the defendant's testimony to be handled by written interrogatories, those

at best are cumbersome. Here such procedure does not appear at first glance to involve the interrupting of the trial date. However, the taking of a deposition upon written interrogatories and preparing it for use at the trial in lieu of a live witness may have an effect, depending on its length and scope, of becoming of a ground for a necessary continuance. This litigation is of a considerable size and shape. The exhibits are abundant and the preparing of the deposition might well involve need for extending the trial dates in order to have the deposition available. Because of the proportions of this case and the cumbersome procedure of written interrogatories, I am not going to allow a deposition upon written questions.

Indeed, in the exercise of discretion I am not going to allow the deposition to be taken at all.

■■ The election of a party residing over 100 miles from the place of trial to testify on deposition should best be made prior to trial. In any event, even though under some circumstances it might be allowed during a trial recess the need for such a procedure must be convincing. Here not only, as the record shows, have certain courses of action by Counsel and Court rulings been made and conditioned upon the representation that Mr. Anderson would testify as a witness for the defense, but, further being present he had ample opportunity to testify. He elected instead, for reasons best known to him, to call his accountant, Mr. Bills, to the stand instead of himself as the first witness for the defense just prior to the present continuance.

■ In a case of this nature, it being a trial without a jury and being one sounding in tort with allegations in the area of fraud and misrepresentation, I deem it desirable if possible to have live witnesses to better be able to determine credibility. This ruling is also called for as the Court has been assured that the witness would be available and would

testify during the presentation of the defense.

It is intimated in the affidavit that Mr. Anderson could not afford or would not wish to afford to return to Honolulu to remain during the length of time that this case will take to conclude since in his opinion it might run through the Christmas holidays and into the new year. Nevertheless, he wishes to be heard by deposition. Indeed, his affidavit does not reflect that he is not now financially able to return to Honolulu to testify. All it says is that his business has suffered and that he is not doing as well as heretofore. But I see no reason why he would have to remain here after he has testified until the case is concluded any more than he had to be present at his own expense during the weeks and months that the trial has been in progress. He had a perfect right to attend the trial, but I do not believe that his expenditures of time and money during that period can now be used as a relevant argument to say that he cannot now afford to testify in his own behalf.

So far as accommodating Anderson's counsel, Mr. Fields, is concerned in regard to his commitments to the California courts, I am quite sure, in view of the death of a senior partner, that the courts of California would be as understanding of requests for continuance as this Court would be. If they are not, he, not Mr. Anderson, may be heard along those lines. I hope that the California courts will be acquainted with all the facts and circumstances and give him permission to proceed here on November 25 to conclude this litigation as rapidly as possible. Not only do all involved wish to bring the case to an early conclusion but also this Court's commitments to other litigants are all conditioned on this case going forward to November 25. The whole month of December has been reserved for the hearing of this case.

The motion to vacate the notice of taking of the defendant's deposition orally in Los Angeles on November 4 is granted for the reasons herein recited, and the case stands as it was in the position of being scheduled for further trial on November 25.