320 P.2d 378

Clinton W. PEDERSON, Plaintiff-Appellant,

v.

Louis B. LOTHMAN and Mid-Continent Exploration Company, Defendants-Appellees.

No. 6270.

Supreme Court of New Mexico.

Jan. 9, 1958.

---

Robert H. Sprecher, Roswell, Joseph L. Smith, Henry A. Kiker, Jr., Albuquerque, for appellant.

Gallagher & Walker, Threet & Ussery, Albuquerque, for appellee Louis B. Lothman.

Grantham, Spann and Sanchez, Edward L. Yudin, Albuquerque, for appellee Mid-Continent Exploration Co.

`LUJAN, Chief Justice.

Plaintiff-appellant, Clinton W. Pederson, filed this action in the District Court of McKinley County, asking for specific performance of an alleged oral contract by which the defendants-appellees, Louis B. Lothman and Mid-Continent Exploration Company, had allegedly promised him a five percent interest in certain mineral claims and leases in return for his services in the location of mineral claims and for acting as the "representative" for appellee Mid-Continent Exploration Company in the State of New Mexico. He asked in the alternative for damages in the amount of five million dollars.

Appellees moved for a change of venue to Bernalillo County, and the trial judge denied the motion on the ground that the action involved an interest in land in McKinley County, and therefore venue was properly laid.

Appellant filed his first amended complaint, and appellees answered by way of legal defenses that the action was barred by the statute of frauds. Appellees then moved for summary judgment, stating as their grounds therefor that there was no genuine issue of fact to be tried, and that the action was for specific performance of an oral contract involving an interest in land, and thus barred by the statute of frauds.

The trial judge granted the summary judgment, and an appeal has been taken to this court. Appellant contends for reversal (1) That the court erred in granting appellees' motion for summary judgment, for the reason that the complaint, liberally construed, stated a valid claim against appellees upon a *prospector's* or *grubstake* agreement, to which the statute of frauds is not applicable; (2) that the court erred in its refusal to allow appellant to amend his complaint after summary judgment had

been granted, in order that he might specifically assert a claim for relief on a *prospector's* or *grubstake* agreement.

The procedure of summary judgment is allowed by Rule 56 of the Rules of Civil Procedure, Section 21–1–1(56) of 1953 Compilation and is available to either party in a civil action.

Rule 56(b) provides:

*"For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

■ Summary judgment provides a method whereby it is possible to determine whether a genuine claim for relief or defense thereof exists and whether there is a genuine issue of fact warranting the submission of the case to the jury. Agnew v. Libby et al., 53 N.M. 56, 201 P.2d 775. In a case where the facts are not in dispute, but only the legal effect of the facts is presented for determination, summary judgment may be properly granted. Ades v. Supreme Lodge Order of Ahepa, 51 N.M. 164, 181 P.2d 161; Bank of China v. Wells Fargo Bank & Union Trust Co., D.C., 104 F.Supp. 59.

■ Appellant does not actually question the propriety of summary judgment in this case; he contends that it was improperly granted, since a genuine issue of fact was presented. His first point is that there must be liberal construction in his favor on the motion. With this proposition we are in agreement. In McLain v. Haley, 53 N.M. 327, 207 P.2d 1013, 1014, we said:

"In the consideration of a motion for summary judgment it is the function of the trial court to determine whether there is a genuine issue of material fact for trial. All doubt as to the existence of such an issue must be ·resolved against the moving party; and, unless the court is convinced from a consideration of the pleadings, depositions, admissions on file, and affidavits that such party is entitled to judgment as a matter of law it should be denied."

See, also, 6 Moore's Federal Practice Section 56.15(3); 3 Barron & Holtzoff, Federal Practice & Procedure, Rules Ed. Section 1235.

This court must determine whether a material issue of fact was presented by the pleadings and the deposition of Clinton W. Pederson, those being before the trial court on its hearing of the motion for summary judgment. The pleadings of appellant, consisting of a complaint and an amended complaint, alleged in all four counts the existence of a contract upon which each count was based. The allegations of the first count being reasserted at the outset of each

additional count. Any recovery allowed appellant in this action would have to be based upon a provable contract, and there is no controversy that the alleged contract was not in writing.

■ The statute of frauds is applicable in New Mexico as a part of the common law. Ades v. Supreme Lodge Order of Ahepa, supra, and cases therein cited.

Appellant asserts that his pleadings and deposition make out a case for the existence of a *prospector's* or *grubstake* contract which is not within the statute of frauds. In his deposition he characterized the relationship between himself and appellee Louis B. Lothman as one of a *partnership,* and referred to him as a *partner.* His position is that these references are sufficient to present a material issue of fact.

This court has never considered a case involving the so called *grubstake* contract. The case of Erbele v. Carmichael, 1896, 8 N. M. 696, 47 P. 717, cited by appellant, held that the prospecting agreement therein involved was not void as being within the statute of frauds, but a reading of that case will disclose that the problem presented there was in no wise similar to the one before us here.

The authorities of the other mining states which have ruled on the problem recognize that a true grubstake contract does not come within the bar of the statute. 2 Lindley on Mines Section 858 (2nd Ed., p. 1565); Morrison's Mining Rights, 16th Ed., p. 383; Moritz v. Lavelle, 77 Cal. 10, 18 P. 803 (rule now changed by statute); Murley v. Ennis, 2 Colo. 300; Costello v. Scott, 30 Nev. 43, 93 P. 1, 94 P. 222; Mack v. Mack, 39 Wash. 190, 81 P. 707, Hartney v. Gosling, 10 Wyo. 346, 68 P. 1118.

The Supreme Court of Nevada stated in Costello v. Scott, supra, as follows [30 Nev. 43, 93 P. 7]:

"'Grub-stake' contracts have sometimes been called prospecting partnerships, and are said to partake of the character of 'qualified partnership'. Yet, unless the agreement goes beyond the mere furnishing of supplies in consideration of a participation in the discoveries, the word 'partnership' is improperly used and is misleading. It is simply a common venture, wherein one called the 'outfitter,' supplies the 'grub,' and the other, called the 'prospector,' performs the labor, and all discoveries inure to the benefit of the parties in the proportion fixed by the agreement."

And in the case of Hartney v. Gosling, supra [10 Wyo. 346, 68 P. 1123], the Supreme Court of Wyoming, said:

\* \* \* \* \* \*

"The contract seems to have approached more nearly a prospecting or 'grub stake' contract, than a mining partnership. A prospecting contract is said to partake of the character of a qualified partnership, although Mr.

Lindley, in his valuable work, regards the term 'partnership' to be a misnomer as applied to the ordinary 'grub stake' contract. 2 Lindl. Mines, §§ 3, 858. That author describes such a contract in its usual scope to be simply a common venture, wherein one party, called the 'outfitter,' supplies the 'grub,' and the other, called the 'prospector,' performs the labor, and all discoveries inure to the benefit of the parties in the proportion fixed by the agreement * * *".

To use the words 'partnership' and 'partner' cannot, standing alone, establish the existence of an issue of fact as to a relationship which has improperly been alluded to as a 'qualified partnership'. By appellant's own admission in his deposition, the relationship alleged here has none of the essentials for the creation of a grubstake agreement. The following question and answer appear in appellant's deposition:

"Q. What was the agreement between you and Mr. Lothman relative to the payment of your expenses? A. Lou told me that I was to pay all my own expenses, and in fact, on occasion, Lou has used my car and gas, but I was to pay all my own expenses and I— if he found anything, why I was to share in five percent."

We are of opinion, and so hold, that the trial court properly granted appellees' motion for summary judgment. In so holding, we do not find it necessary to consider the contention of appellees' that appellant has shifted his emphasis, if not changed his position, from the hearing on the motion for summary judgment below.

The court below did not err in refusing appellant leave to amend his complaint to allege specifically a claim for relief on a *prospector's* or *grubstake* agreement. It must be borne in mind that a summary judgment amounts to more than a motion to dismiss for failure to state a claim upon which relief may be granted; it is by its own terms a judgment. The court goes beyond the allegations of the complaint and determines whether a claim can in reality be supported on the grounds alleged, and whether a controversy as to an issue of fact exists as to the statements of the complaint.

Professor Moore states in his valuable work on Federal Practice:

"Where after the court has granted summary judgment, so long as the court has control over its judgment it still has the power to permit the losing party to amend his pleadings. Naturally at this stage of the litigation the court will be reluctant to do so and may properly deny leave where the motion to amend is dilatory, there is no showing of merit, or in some other respect fails to further justice." 6

370

Moore's Federal Practice Section 56.-10.

■ Appellant asked the trial court to allow specific pleading of a matter that had already been considered and disposed of as not being of merit, and the court properly refused the allowance of the proposed amendment.

It follows from what has been said that the judgment of the trial court is free from error and should be affirmed.

It is so ordered.

McGHEE, COMPTON and McMAN-US, JJ., concur.

SADLER, J., not participating.