346 P.2d 1045

J. L. BALLARD, d/b/a Ballard Plumbing Company, Plaintiff-Appellant,

v.

Michael P. MARKEY and Mildred S. Markey, his wife, Defendants-Appellees.

No. 6612.

Supreme Court of New Mexico.

Nov. 18, 1959.

R. F. Deacon Arledge, Charles Driscoll, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellees.

COMPTON, Justice.

This appeal is to review the ruling of the trial court in granting summary judgment. The action was to recover judgment for personal services and for materials furnished in repairing appellees' building, also for the foreclosure of a materialman's lien thereon.

The complaint charged that between the dates of February 24, 1956 and April 9, 1956, appellant, at the request of appellees' agents, Fern Schaffer and Bruce L. Wood, performed work, labor, and also furnished plumbing materials in amount of $1,281.78 in repairing El Jardin Lodge owned by appellees, and that appellees had refused to pay for such services and materials.

Issue was joined by answer and, at the same time, appellees filed a request for admission of facts. Appellant was requested to admit that appellees did not request him to supply the labor and materials referred to in the account sued on. In his response, appellant admitted he had no direct dealings with appellees, but again stated that he had performed the labor and furnished the materials at the request of appellees' agents.

Subsequently, appellees moved for summary judgment. They supported their motion by their own affidavit, the essence of which is that they were not in possession of the premises when the work was performed and the repairs made; that they did not request appellant to perform the labor or supply the materials; and that the labor was performed and the materials were supplied without their knowledge. At a hearing on the motion, summary judgment was granted and appellant appeals.

Appellees had the burden of showing there was no genuine issue of material fact for trial, Michelson v. House, 54 N.M. 197, 218 P.2d 861; Seaboard

Surety Co. v. Permacrete Const. Corp., D. C., 105 F.Supp. 349; Albert Dickinson Co. v. Mellos Peanut Co. of Illinois, Inc., 7 Cir., 179 F.2d 265, and it is clear from a consideration of the pleadings, admissions, and affidavit that the alleged agency relationship, at least, is issuable.

In Michelson v. House, supra, we said:

"A motion for summary judgment is not to be considered as a substitute for a trial and should not be granted where there is a genuine issue of material fact. Rule 56(c), our rules, Sec. 19–101(56) N.M.Stats.1941 Compilation; McLain v. Haley, 53 N.M. 327, 207 P.2d 1013; Agnew v. Libby, 53 N.M. 56, 201 P.2d 775. Litigants are entitled to the right of trial where there is the slightest doubt as to the facts. Ramsouer v. Midland Valley Railroad Co., D.C., 44 F.Supp. 523; Whitaker v. Coleman, 5 Cir., 115 F.2d 305." [54 N.M. 197, 218 P.2d 863.]

Other questions are raised on appeal, but they are not material to a decision and need not be determined. The judgment will be reversed with direction to the trial court to reinstate the case upon its docket, and proceed in a manner not inconsistent with this opinion.

It is so ordered.

LUJAN, C. J., and McGHEE, CARMODY and MOISE, JJ., concur.