385 P.2d 65

**Elvera Barbara WIENEKE, Plaintiff-Appellant,**

v.

**Emmett T. CHALMERS, Defendant-Appellee.**

No. 6938.

Supreme Court of New Mexico.

Sept. 3, 1963.

Henry J. Hughes, Santa Fe, for appellant.

Gilbert, White & Gilbert, Sumner Koch, Santa Fe, for appellee.

MOISE, Justice.

Plaintiff-appellant filed suit to quiet title on lands described in the complaint on December 23, 1957. Defendant-appellee was one of numerous defendants named in the complaint.

On January 22, 1958, an answer was filed on behalf of appellee by an attorney of St. Louis, Missouri, without any local counsel being designated. More than two years later, on March 21, 1960, a motion for summary judgment was filed by appellant, and on July 6, 1960 a motion was filed asking that the answer of appellee be stricken unless he gave a $1,000.00 bond to secure costs. On July 22, 1960, appellee's present attorneys appeared in the case, and on August 1, 1960, the Missouri attorney formally withdrew. The motion for summary judgment and for a cost bond were denied on August 15, 1960. These facts have been detailed so that the time lapse following filing of the case, as well as possible reasons therefor, would be apparent.

The following proceedings dealing with discovery sought by appellee from appellant, and the conduct of the court in connection therewith, are the material facts which furnish the basis for the appeal and the errors claimed by appellant.

On August 16, 1960, notice was given to appellant's (plaintiff's) attorney, that on August 26, 1960, appellant's deposition would be taken in Santa Fe, and requesting that certain records and documents be produced. On August 24, eight days after personal delivery of the notice to appellant's attorney and two days before the date set, motion was filed to quash the taking of the deposition and copy of the motion delivered to appellee's attorney.

Although it does not appear that any hearing was had on the motion to quash, or any order entered thereon, the deposition was not taken pursuant to the notice. On September 21, 1960, the appellee submitted written interrogatories to be answered by appellant and on October 5, 1960, the interrogatories were answered. On October 10, 1960, pursuant to setting previously made, the case came on for trial on its merits. Appellant was not present, and counsel for appellant offered an abstract of title into evidence and then rested. Thereupon, appellee's counsel moved for dismissal of the action under Rule 37(d) (§ 21–1–1(37) (d), N.M.S.A.1953) because of appellant's failure to appear for the deposition on August 26, 1960. The motion was overruled, but over objection of appellant the court continued the case until December 1, 1960, so that the deposition could be taken in California, the residence of appellant, which was ordered to be done on or before October 31, 1960.

Thereafter, on October 19, 1960, a supplemental notice was given to take appellant's deposition in Los Angeles, California, on October 29, 1960. This notice recited that it was given "pursuant to order and leave of the court," reference evidently being to the proceedings at the October 10, 1960, hearing. Again, on October 24, 1960, appellant filed a motion to quash the taking of the oral deposition. It appears that upon receipt of this motion, and on October 25, 1960, appel-

lee's attorney obtained an order from the court ex parte setting appellant's motion to quash for hearing the next day at 3:00 P.M. This notice of hearing was delivered to the office of appellant's attorney on October 25, 1960, at 1:30 P.M. Appellant did not appear on October 26, 1960, either in person or by counsel, and on October 28, 1960, an order was entered overruling the motion to quash. On this same date, October 28, 1960, appellee filed a motion seeking dismissal of appellant's complaint, stating that appellant had failed or refused to appear for a deposition in August pursuant to notice, and that appellee had been advised that she would not appear pursuant to notice on October 29, 1960. In the alternative, appellee sought relief from any duty to take the deposition before October 31, and an order directing the appellant to appear in Santa Fe for the purpose of giving a deposition some time before November 15, 1960. Notice of hearing of this last motion set for November 4, 1960 was delivered to appellant's counsel on October 28, 1960. On the date of the hearing, November 4, 1960, appellant filed a "Response" to appellee's motion, setting up numerous reasons why appellant's deposition should not be taken. After hearing, an order was entered on November 8, 1960, directing that appellant's deposition be taken in Los Angeles, California, either on November 19, 1960 or November 26, 1960, with appellant being given the right to choose, on or before November 14,

1960, which of the two days was more convenient to her. The order provided that appellee should have the right to proceed with the deposition even if appellant's counsel was not present, but, if not present, appellant's counsel should have the right to further discovery after having an opportunity to examine the deposition. Thereafter, on November 14, 1960, appellant filed a "Response to Order Re Deposition" which recited "that it is 'utterly impossible for personal reasons' for the said plaintiff to appear on the dates selected by said defendant for the taking of plaintiff's deposition," and again referred to her previous pleadings setting forth reasons why the taking of the deposition was neither necessary nor proper.

On November 21, 1960, appellee filed a motion pursuant to Rule 37(d) (§ 21–1–1 (37) (d), N.M.S.A.1953) seeking dismissal of appellant's complaint with prejudice, because of appellant's failure and refusal to appear for the taking of her deposition pursuant to notice and order of the court. Appellant filed a response to this motion denying that it was "now abundantly clear that plaintiff's refusals to give her said deposition are willful" as had been stated in appellee's motion, and again reiterating the reasons why the taking of the deposition was neither necessary nor proper. After hearing at which the court recited into the record a rather lengthy account of all the previous proceedings in the case, an order was entered finding that appellant "wilfully

failed to appear and give her oral deposition after being served with a proper notice and Order of Court within the meaning and intent of Rule 37(d) of the Rules of Civil Procedure for the District Courts of New Mexico," and ordering appellant's complaint dismissed with prejudice insofar as it asserted or attempted to assert a claim against appellee. Thereafter, an amended judgment of dismissal was entered, and this appeal followed.

Appellant first complains that the court abused its discretion in interrupting the trial so as to permit appellee to take appellant's deposition. We find no merit in this point. Rule 26(a) (§ 21-1-1(26) (a), N.M.S.A.1953) in no way limits the taking of depositions to any period prior to commencement of trial. The rule should be construed so as "to secure the just, speedy and inexpensive determination of every action," and if in the sound discretion of the trial judge a trial should be continued so as to permit additional discovery, particularly where the need results from a previous failure to respond to efforts to take a deposition, the determination so made should not be reversed. National Bond Holders Corporation v. McClintic (C.C.A. 4, 1938) 99 F.2d 595. Whether a trial should be interrupted so as to permit further discovery must lie in the sound discretion of the trial judge. Knox v. Anderson (D.C.Hawaii 1957), 21 F.R.D. 97. True, more than two years elapsed after the case was filed before appellee employed New Mexico counsel. However, during most of this period appellant took no affirmative action to bring the case to trial. Within a reasonable time after local counsel entered the case, an effort was made to take appellant's deposition. This brought forth a motion to quash the taking of the deposition and, notwithstanding the motion had not been ruled upon on the date appellant was called upon to appear, the deposition was not taken. Although appellant subsequently answered written interrogatories, appellee still desired to take the deposition. In Salitan v. Carrillo, 69 N.M. 476, 368 P.2d 149, we recognized the advantages of the deposition method of discovery over the written interrogatory method in a quote from Worth v. Trans World Films (D.C.S.D.N.Y.1951), 11 F.R.D. 197, 198; that the right to take oral depositions is not foreclosed by first submitting written interrogatories which are answered; and that the discretion of the trial judge will not be disturbed except in the event of its abuse. We see no abuse of discretion in the instant case, even though we must admit that the record is most unsatisfactory in demonstrating what appellee expected to develop through this means. The trial judge expressed considerable doubt on this score but, nevertheless, was moved to let appellee try. If, in fact, appellee could have discovered nothing which might have been of

assistance to him, appellant has no one to blame but herself for the subsequent outcome which followed her unexplained failure to appear and testify at the deposition hearing. Her bald, unsupported statement that to do so was "utterly impossible for personal reasons" is no excuse whatsoever.

 Appellant's points 2 and 3 are complaints concerning the court's recounting of the facts leading up to the hearing on December 1, 1960, at which he ruled that appellant's action should be dismissed pursuant to Rule 37(d) (§ 21-1-1(37) (d), N.M.S.A. 1953). Point 5 asserts that by certain rulings and actions during pendency of the proceedings, including the statement complained about in points 2 and 3, the court committed error. We cannot agree with appellant. Concerning the recapitulation made by the court, it should be sufficient to point out that insofar as it might in any manner conflict with the record, it would be disregarded. Lewis v. Baca, 5 N.M. 289, 21 P. 343. As to anything therein not covered by the record, or supplemental thereto, we would consider the statement made by the court as correct. Compare Davis v. Severson, 71 N.M. 480, 379 P.2d 774. See also Gottwals v. Rencher, 60 Nev. 35, 92 P.2d 1000, 98 P.2d 481, 126 A.L.R. 1262. It will be noted from our statement of the facts that we have confined ourselves to the record proper and this is sufficient to clearly establish the absence of reversible error in the ruling of the court—the recounting by the judge in this case added nothing, and the matters complained about are in no sense material or substantial.

 As regards the other matters asserted under this point to involve an abuse of discretion, it is sufficient to point out that no authority is cited that any of the acts constitute an abuse of discretion, and we are satisfied that they do not, either individually or collectively. Likewise, we are satisfied that appellant was in no way prejudiced by any of the rulings complained about, but on the contrary was granted every consideration by the trial judge. She should not be heard to complain of rulings which did not affect the final result in the case. Wiggs v. City of Albuquerque, 57 N.M. 770, 263 P.2d 963; Southern California Petroleum Corporation v. Royal Indemnity Company, 70 N.M. 24, 369 P.2d 407.

 Under point 4, appellant asserts error in the trial court's action of overruling her motion to quash the taking of her deposition on short notice. There is no merit to the point. Although the motion to quash was overruled on short notice, appellant failed to appear and the deposition was not taken and so appellant had as much advantage as would have been gained by longer notice, or even a sustaining of her motion. She should not now be heard to complain of that which she has not shown

**14**

did her injury. Compare Rubalcava v. Garst, 61 N.M. 10, 293 P.2d 656.

In passing we would point out that a motion to quash the taking of a deposition or for protective orders, or to terminate or limit examinations under Rule 30 (§ 21–1–1(30), N.M.S.A.1953) do not have the effect of automatically accomplishing what is sought therein. The rule specifically provides for protecting orders which the court may make, upon proper motion by the party on whom notice has been served. Such motions must be made prior to the date designated for the taking of the deposition, Coutrakon v. Distenfield, 21 Ill.App.2d 146, 157 N.E.2d 555; Dictograph Products, Inc. v. Kentworth Corp. (D.C.W.D.Ky.1947), 7 F.R.D. 543, and until an order is made in connection therewith, there is nothing to delay the taking of deposition. In the instant case, on at least two occasions, appellant filed motions to quash, and then did not appear even though the court had not ruled in one instance, and in the other did so on short notice from appellee. We see no grounds for complaint by appellant concerning the short notice since the court had not entered an order on the motion on the date set for the hearing. (Rule 30, § 21–1–1 (30), N.M.S.A.1953).

As her sixth point, appellant complains of the court's failure to sustain her motion for summary judgment. In support of her position she cites no case, but points to her proof of title as opposed to contradictory and unsupportable claims she states are made by appellee. It should be sufficient to dispose of this point by citing the oft repeated rule that issues of fact are not to be decided on motions for summary judgment, and should be denied unless the court is convinced from all the pleadings, depositions, admissions and affidavits before it, that party moving is entitled thereto as a matter of law. McLain v. Haley, 53 N.M. 327, 207 P.2d 1013; Boggs v. Anderson, 72 N.M. 136, 381 P.2d 419. The trial court's determination that appellee should have an opportunity to take appellant's deposition clearly demonstrates the absence of conviction on his part sufficient to require granting of summary judgment pursuant to the motion.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.