447 P.2d 516

Roy MARTIN and Frances Martin, his wife,
Plaintiffs-Appellants,

v.

BOARD OF EDUCATION OF the CITY OF
ALBUQUERQUE, New Mexico and Gordon Herkenhoff and Associates, Inc., Defendants-Appellees.

No. 8455.

Supreme Court of New Mexico.
Nov. 8, 1968.

Rehearing Denied Dec. 11, 1968.

[redacted]

Ben T. Traub, Hanna & Mercer, Albuquerque, for plaintiffs-appellants.

Marron & Houk, Albuquerque, attys. for Gordon Herkenhoff & Associates.

Botts, Botts & Mauney, Albuquerque, for Board of Education of City of Albuquerque.

OPINION

NOBLE, Justice.

Roy Martin and his wife, Frances, sued the Board of Education of the City of Albuquerque (hereafter termed Board of Education), the City of Albuquerque (hereafter termed City), and Gordon Herkenhoff & Associates, Inc. (hereafter termed Herkenhoff), seeking to recover because of damage to plaintiffs' home by flood following a heavy rain. Summary judgments were rendered in favor of the Board of Education and Herkenhoff. Pursuant to Rule 54(b) (§ 21-1-1(54) (b), N.M.S.A. 1953), these summary judgments were specifically made final to permit appeal. The action against the City is still pending. Plaintiffs have appealed from the summary judgments.

[redacted] Plaintiffs' complaint alleged that the Board of Education negligently moved dirt on adjacent school property up to and against a concrete block wall located on the boundary between plaintiffs' home and the school property, and graded the school lot so as to cause water to drain directly onto plaintiffs' property. They alleged that during a heavy rain, on August 10, 1963, water flowed across the school property breaking the wall and damaging plaintiffs' home.

The affidavits, pleadings and depositions disclose that a large rainfall occurred in Albuquerque on August 10, 1963; that a culvert near the school property was unable to carry the water away; that it flooded over the adjacent school property, breaking the concrete block wall between the school land and the Martin lot, and damaging the Martin home. Affidavits were attached to the motion for summary judgment by the Board of Education showing that the school did level its adjacent land but that no dirt was moved closer than ten feet to the dividing wall. These facts are not controverted by counter-affidavits or depositions. While it is agreed that water caused by the heavy rain, which was not carried away by the storm sewer, flooded across the school property, broke the concrete block wall and damaged the Martin house, we find no disputed issues of fact in the record which, when viewed most favorably to the plaintiffs, show that any

conduct by the Board of Education caused the damage complained of by the plaintiffs. In fact, the affidavit of plaintiffs' daughter stated that after the Board graded its property, water from the Board property flowed down an artificial trough and was carried away by an arroyo. There is nothing more in the record which shows that the Board of Education did anything else which caused the damage to the plaintiffs. We find no error in the summary judgment dismissing the action against the Board of Education.

■ The action against Herkenhoff is based upon the contention that he failed in his duty as an engineer for the City to properly design and furnish specifications for an adequate storm sewer. Specifically, the Martins claim that the design for a culvert installed in the Hahn Arroyo was inadequate to carry the water from an August 10, 1963 rainfall, and that a resulting flood damaged their home.

■ The moving party is entitled to summary judgment when the pleadings, depositions and admissions, together with the affidavits show there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65; Hubbard v. Mathis, 72 N.M. 270, 383 P.2d 240; Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378, Rule 56(c) of the Rules of Civil Procedure (§ 21–1–1(56) (c), N.M. S.A. 1953).

■■ It is well established that "foreseeability" of injury or harm is an element or test of "negligence." See New Mexico U.J.I. 12.1. For negligence to be the proximate cause of the injuries here, it must be established that the defendant should have foreseen that the culvert would not carry the rain water which might be reasonably expected.

■ Our review of the record discloses affidavits and depositions showing that the culvert complained of was designed to carry almost 100 cubic feet per second more water than the peak runoff from any rain falling in Albuquerque during the preceding 73 years. These affidavits and depositions likewise show that the August 10, 1963 rainfall exceeded the greatest runoff during the preceding 73 years by more than 100 cubic feet per second. On motion for summary judgment, facts shown by affidavits or depositions not controverted are to be taken as true. Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531. Based upon these affidavits and depositions, it thus cannot be said that Herkenhoff should have foreseen that a larger culvert would be required, or that good engineering practice dictated a different design.

■ Rule 56(e) (§ 21–1–1(56) (e), N.M.S.A.1953) requires both supporting and opposing affidavits to set forth facts which would be admissible in evidence, and that all instruments and documents referred to therein be attached and sworn to or certified. Martin sought to dispute the amount of the 1963 runoff and that the design of the culvert was improper by offering, at the time of the summary judgment hearing, two unsworn and uncertified reports of other engineers. No affidavits or depositions were offered in connection with these reports. They were not admissible in the form in which they were offered and the refusal by the court to admit them was not error. No evidence before the court at the time of the consideration of the motion for summary judgment presented a genuine issue of material fact. Upon the record before the court, summary judgment dismissing the action as to Herkenhoff was not erroneous. Martin failed to offer an acceptable excuse for not submitting affidavits or depositions as provided by § 21–1–1(56) (f), N.M.S.A.1953, concerning the engineering reports which the court refused to admit. His statement that it was difficult to find the engineer does not excuse the failure. Many months passed between the filing of the motion for summary judgment and the final ruling thereon during which period it does not appear that appellant made any effort to meet the requirements

of § 21–1–1(56), N.M.S.A.1953. While we fully recognize that summary judgment is not to be used where there is the slightest doubt as to the facts, Ballard v. Markey, 66 N.M. 265, 346 P.2d 1045, and that in considering the motion it was the trial court's duty to view the pleadings, affidavits and depositions in the most favorable manner possible in support of a denial of the motion, Institute for Essential Housing, Inc. v. Keith, 76 N.M. 492, 416 P.2d 157, in the present case nothing was presented to the court that would have permitted a determination that facts which would support a recovery by appellant were possibly present.

 It is true there was an affidavit that the culvert complained of was partially blocked by sediment and debris, but nothing in the record has been called to our attention showing either an obligation by Herkenhoff to design a culvert that would be debris-free without maintenance, or a duty by Herkenhoff to maintain the culvert.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE and COMPTON, JJ., concur.

WOOD, J., Court of Appeals, dissents in part.

WOOD, Judge, Court of Appeals (dissenting in part).

I join the majority in affirming the summary judgment in favor of the Board of Education. I would reverse the summary judgment as to Herkenhoff.

The defendant Herkenhoff was employed to design the construction of the culvert in question. Gordon Herkenhoff, president of defendant Herkenhoff, testified in his deposition that he gave no consideration to silt in designing the structure. Fred Denny, an engineer was associated with the defendant Herkenhoff. Denny testified in his deposition that he participated in the design for Herkenhoff, that he did take sedimentation into consideration and that he attempted to provide a sufficient velocity through the culvert to make it self-cleaning when operative. According to Denny, any debris in the culvert at the beginning of the storm runoff was "transported out" by the flow.

However, an affidavit submitted on behalf of plaintiff indicates the culvert was partially obstructed during the flow so that water came out at about half the rate it would have if the culvert had been unobstructed.

Accordingly, there is an issue of fact (a) as to whether defendant Herkenhoff did design the culvert to be self-cleaning and (b) if so, whether the self-cleaning aspect was properly designed.

If the culvert's self-cleaning feature was improperly designed, there is a causation question. Would plaintiff's damage have resulted even if the culvert had been properly designed? Gordon Herkenhoff testified that if the culvert was half plugged up, it would make a considerable difference.

Defendant Herkenhoff had the burden of showing there was no material question of fact on the self-cleaning and causation issues. It failed to do so. Summary judgment should have been denied on this basis.

Being of the opinion that there were factual issues which defeated a summary judgment in favor of defendant Herkenhoff, I express no opinion on whether the trial court properly refused to consider the two reports offered by plaintiff.

The majority feeling otherwise, I dissent.