449 P.2d 86

Verna Mae BRAZELL, Plaintiff-Appellant,

v.

SAVE–ON DRUG, INC., a Corporation, Defendant-Appellee.

No. 198.

Court of Appeals of New Mexico.

Dec. 20, 1968.

---

Denis Cowper, Chavez & Cowper, Belen, for plaintiff-appellant.

Mary C. Walters, J. E. Casados, Toulouse, Ruud, Gallagher & Walters, Albuquerque, for defendant-appellee.

## OPINION

ARMIJO, Judge.

This appeal is from summary judgment entered against appellant on her complaint for damages on account of injuries received as a result of a fall.

In her complaint appellant states she was walking to appellee's store and alleges further:

"VI

"That at said time, Defendant was maintaining the premises in a dangerous condition in that it permitted soil to be washed from around the steps, and failed and neglected to correct such situation when they knew or ought to have known, that such situation ought to be corrected.

"VII

"That on said date Plaintiff was ignorant of the dangerous condition existing about the steps at the entrance to the drugstore and failing to see the condition, tripped and fell over the said steps."

The motion for summary judgment was supported by deposition, interrogatories and affidavits, including photographs and a survey showing contour, plat and elevation portraying the scene.

The incident occurred in the daytime. The place of the fall was where the wide part of the sidewalk in front of appellee's building joins a dirt surface parking lot. The sidewalk was six feet wide and raised about six inches above the surface of the parking lot. Appellant, while walking from the parking area, stepped on the sidewalk with her right foot and fell when her left toe caught in a hole which extended underneath the sidewalk.

The hole extended from the corner of the building about half way along the edge of the sidewalk. It was described as approximately twelve inches deep, tapering with the deepest part next to the building and extending about ten inches underneath the sidewalk. It was apparently caused by rain water sometime prior to the date of the fall.

On the day of the fall photographs were made of the scene from a distance of perhaps fifteen feet. The hole is plainly visible in these photographs. What appears to make the cavity stand out prominently is the dark and shaded area which obviously is caused by the portion of the depression which extends underneath the sidewalk.

Appellant admits seeing that portion of the hole outside the sidewalk, but denies seeing or being aware of the part underneath. She argues that the hole underneath the sidewalk constitutes the dangerous condition about which she complains.

We are unable to follow the reasoning advanced which seeks to distinguish that portion of the hole under the sidewalk from that which was outside. No mention is made of slipping into the hole and no explanation is given of how appellant's left foot got in the hole in the first place. We can perceive of no way for the left foot

to be in a position to get caught underneath the sidewalk unless it was in that portion of the hole outside the sidewalk in the first place. This compels a conclusion that appellant saw the condition and proceeded with full knowledge of its existence.

Appellee's answer included contributory negligence and assumption of risk as affirmative defenses.

The sole question presented for determination is whether, under the pleadings, testimony and evidence submitted to the trial court in support of the motion for summary judgment, the movant was entitled to judgment as a matter of law. Simon v. Wilson, 78 N.M. 491, 432 P.2d 847 (1967). As stated in Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516, decided November 8, 1968:

> "The moving party is entitled to summary judgment when the pleadings, depositions and admissions, together with the affidavits, show there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65; Hubbard v. Mathis, 72 N.M. 270, 383 P.2d 240; Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378; Rule 56(c) of the Rules of Civil Procedure (§ 21-1-1(56) (c), N.M.S.A.1953).

The trial court had the duty of viewing the pleadings, and all the testimony and evidence submitted in support of the motion for summary judgment in the most favorable manner possible in support of a denial of the motion. Martin v. Board of Education of City of Albuquerque, supra.

With these rules in mind, we conclude the trial court was correct in ruling appellant was negligent as a matter of law. It becomes unnecessary to determine if the facts and circumstances would justify finding negligence on the part of appellee, for assuming appellee failed to exercise due care, still we feel appellant is precluded from recovery.

We think appellant failed to exercise ordinary care for her own safety when after seeing the hole she proceeded in such a manner as to cause her to fall. Under the facts of this case this amounted to an act on her part which contributed to her own injury. Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583 (1945). Compare Jellison v. Gleason, 77 N.M. 445, 423 P.2d 876 (1967); Giese v. Mountain States Telephone and Telegraph Company, 71 N.M. 70, 376 P.2d 24 (1962) and Seal v. Safeway Stores, 48 N.M. 200, 147 P.2d 359 (1944).

The Restatement (Second) of Torts § 463 (1965) defines contributory negligence:

> "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm."

The hole, whether outside or under the sidewalk, did not present a concealed or hidden danger since appellant does not deny having seen the portion of the hole outside the edge of the sidewalk, and where there was nothing to obscure her view of where she was going.

Under the facts presented we conclude that even if there was reasonable risk of danger to appellant, it was in plain sight, readily observable and actually observed by her. She voluntarily exposed herself to a known danger.

Cases cited by appellant in support of her contention have been reviewed and are found not to be controlling on the facts presented here.

Finding no error the judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.