699 P.2d 604

STATE of New Mexico, ex rel. Paul
BARDACKE, Attorney General,
Plaintiff-Appellee,

v.

NEW MEXICO FEDERAL SAVINGS
AND LOAN ASSOCIATION,
Defendant-Appellant.

No. 14937.

Supreme Court of New Mexico.

May 2, 1985.

Mitchell, Alley & Rubin, John A. Mitchell, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Michael Dickman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

STOWERS, Justice.

The State, through the Attorney General, sought declaratory and injunctive relief to prevent enforcement of due-on-sale clauses in mortgages held by the New Mexico Federal Savings and Loan Association (N.M. Federal) and assumed by subsequent purchasers of the mortgaged property, and for restitution of money collected pursuant to such clauses. The district court granted partial summary judgment in favor of the State. N.M. Federal filed this appeal. We affirm.

The ultimate issue on appeal is whether the partial summary judgment entered by the trial court is improper.

On March 15, 1979, due-on-sale clauses in mortgages were made unenforceable in New Mexico by NMSA 1978, Sections 48–7–11 to –14 (Cum.Supp.1980). After that date N.M. Federal made or held various mortgages which contained due-on-sale clauses. The mortgage due-on-sale clauses read, in pertinent part, as follows:

> **Transfer of the Property; Assumption.** If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, * * * Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Mortgage shall be at such rate as Lender shall request.

On June 22, 1981, N.M. Federal converted from a state-chartered association, known as First Northern Savings and Loan Association or New Mexico Savings and Loan Association, to a federal association, and thereafter enforced the due-on-sale clauses in the mortgages assumed by subsequent purchasers of the mortgaged property.

The State of New Mexico, on relation of the Attorney General, filed a complaint pursuant to the Declaratory Judgment Act, NMSA 1978, Sections 44–6–1 to 44–6–15, seeking a declaration that the acts and practices of N.M. Federal violate Sections 48–7–12, –14, and NMSA 1978, Section 57–12–3 (unfair or deceptive and unconscionable trade practices prohibited). The complaint also sought a permanent injunction restraining N.M. Federal from enforcing due-on-sale clauses, the payment of restitution, and an award of a $5,000 civil penalty on behalf of the State for each violation of Section 57–12–3. The State filed a motion for summary judgment on the issues relating to enforcement of due-on-sale clauses in violation of Sections 48–7–11 to –14. The State's motion was denied by the trial court. N.M. Federal then filed its motion for summary judgment on the same issues, and a hearing was held. Thereafter, the

trial court withdrew its denial of the State's motion and entered an opinion granting summary judgment in favor of the State. N.M. Federal filed a motion for reconsideration of the trial court's decision. The trial court entered judgment granting partial summary judgment. N.M. Federal filed this appeal.

N.M. Federal contends that the trial court's grant of summary judgment is improper because the relief granted was supplemental relief pursuant to NMSA 1978, Section 44–6–9, and was granted without an order to show cause. We disagree. Section 44–6–9 reads as follows:

Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having competent jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

This supplemental relief provision applies when additional relief is requested, after a declaratory judgment has been granted, in order to supplement or enforce the declaratory judgment. Section 44–6–9 does not apply, as in this case, where the non-declaratory relief is requested in the original complaint together with declaratory relief. The trial court may properly grant declaratory and nondeclaratory relief in a single action when such relief is requested in the pleadings by the parties. *See generally United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 629 P.2d 231 (1980), *appeal denied*, 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981) (plaintiff's complaint requested declaratory relief and third-party plaintiff counterclaim against defendant requested specific performance and other relief). We note that the result would be no different if the request for non-declaratory relief was found to be supplemental to the declaratory relief. *See, e.g., Stephenson v. Equitable Life Assurance Society*, 92 F.2d 406 (4th Cir.1937) (declaratory and supplemental relief may be granted when requested in the complaint); *Atchison v. City of Englewood*, 180 Colo. 407, 506 P.2d 140 (1973). Also, at trial, N.M. Federal failed to object to the State's combined request for declaratory and nondeclaratory relief, but raised the issue for the first time on appeal, contrary to NMSA 1978, Civ.App. Rule 11 (Repl.Pamp.1984). Thus, the trial court did not err in granting the injunction and restitution together with declaratory relief in the order for partial summary judgment.

N.M. Federal relies on NMSA 1978, Civ.P. Rule 58 (Cum.Supp.1983), and contends that the trial court should have considered its pending motion for reconsideration before entry of partial summary judgment. The record shows that N.M. Federal had reasonable time to examine the opinion and to file its objections pursuant to Rule 58(c). Under NMSA 1978, Section 39–1–1, a motion filed prior to entry of judgment and not ruled upon by the trial court, is deemed denied thirty days after entry of judgment. *King v. McElroy*, 37 N.M. 238, 21 P.2d 80 (1933). The summary judgment order does not violate Rule 58.

N.M. Federal asserts that the State is not entitled to partial summary judgment because genuine issues of material fact remain unresolved. We disagree. In this case, both parties have filed for summary judgment and relied on the same facts. Where the facts set forth in affidavits and supporting documents are uncontroverted, the facts must be taken as true in support of a motion for summary judgment. *Martin v. Board of Education*, 79 N.M. 636, 447 P.2d 516 (1968).

The following facts are uncontroverted. In a memorandum to all title and real estate companies, N.M. Federal stated that it "has always included 'due on sale' clauses in all of its mortgages." The mortgages at issue contained such clauses. The mortgages were made by N.M. Federal prior to its conversion to a federal association and assumed after the effective date of NMSA 1978, Section 48–7–11 to –14 (Cum.Supp.

1980), which declared due-on-sale clauses unenforceable. After conversion, N.M. Federal sent letters to its mortgagors stating that it would enforce the due-on-sale clauses. The affidavits of mortgagors state that N.M. Federal acted to enforce the due-on-sale clauses. N.M. Federal did not dispute these facts and, further, relied on them for its own motion for summary judgment. These facts are sufficient to support the order for partial summary judgment.

■ N.M. Federal also asserts that the State was not entitled to summary judgment as a matter of law because of the decision of the United States Supreme Court in *Fidelity Federal Savings and Loan Association v. de la Cuesta*, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). In *de la Cuesta*, unlike the present case, the savings and loan association was federally chartered at the time the security instruments (deeds of trust) containing due-on-sale clauses were given by the borrowers. The Supreme Court held that federal regulation pre-empted the application of state law restrictions on the enforcement of due-on-sale clauses in security instruments or mortgages given by federal associations. However, the Supreme Court limited its decision in *de la Cuesta* to the facts and issues of that case when it noted that "[b]ecause we find an actual conflict between federal and state law, we need not decide whether the HOLA [Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq.* (1976 and Supp. IV) ] or the [Federal Home Loan Bank] Board's regulations occupy the field of due-on-sale law or the entire field of federal savings and loan regulation." 458 U.S. at 159 n. 14, 102 S.Ct. at 3020 n. 14. Consistent with *de la Cuesta*, this Court will not extend federal regulation of due-on-sale clauses to mortgages which were made by savings and loan associations chartered under State law prior to their conversion to federally chartered associations. *See Hopkins Federal Savings & Loan Association v. Cleary*, 296 U.S. 315, 56 S.Ct. 235, 80 L.Ed. 251 (1935). Moreover, if this Court were to hold that federal due-on-sale clause regulations ap-

plied to state-chartered associations, without more, then such a holding would be in conflict with federal enactments, discussed below, subsequent to *de la Cuesta*. Thus, we conclude that *de la Cuesta* is not applicable in this case.

■ N.M. Federal also asserts that the Garn-St. Germain Depository Institutions Act of 1982, Section 341, 12 U.S.C. Section 1701j–3 (1982), makes due-on-sale clauses enforceable by federal associations. However, this federal Act does not make the due-on-sale clauses in this case enforceable by N.M. Federal. Paragraph 1701j–3(c)(1) provides in pertinent part:

> In the case of a contract involving a real property loan which was made or assumed, including a transfer of the liened property subject to the real property loan, during the period beginning on the date a State adopted a constitutional provision or statute prohibiting the exercise of due-on-sale clauses, * * * and ending on October 15, 1982, the provisions of subsection (b) of this section [making contracts containing due on sale clauses enforceable] shall apply only in the case of a transfer which occurs on or after the expiration of 3 years after October 15, 1982 * * *.

Subparagraph 1701j–3(c)(1)(A) provides an exception to the above quoted statutory provision where a state law is enacted prior to the end of the 3 year period regulating contracts originated by state-chartered associations or banks; in such a case, Subsection (b) does not apply unless the state law so provides. Thus, due-on-sale clauses in mortgages originated by state-chartered associations during the statutory period are not enforceable under subsection (b) where state law has made due-on-sale clauses unenforceable.

■ NMSA 1978, Sections 48–7–11 to –14 were subsequently repealed to conform state law to the requirements of the federal Act. However, the unenforceability of due-on-sale clauses made or assumed from March 15, 1979 through October 15, 1982, was continued in effect except that a limit-

ed increase in interest was allowed. NMSA 1978, §§ 48–7–15 to –20 (Cum.Supp. 1983). Therefore, as a matter of law, the due-on-sale clauses in mortgages made by N.M. Federal or assumed by subsequent purchasers during the period beginning March 15, 1979, and ending on June 22, 1981, the date N.M. Federal converted to a federal association, are subject to the restrictions and regulations of State law. Thus, the trial court was correct in granting partial summary judgment.

The judgment of the trial court is erroneous to the extent that it includes mortgages made by N.M. Federal or assumed by subsequent purchasers after the period beginning on March 15, 1979, and ending on June 22, 1981, when N.M. Federal converted to a federal association. The trial court's error does not affect its ultimate decision, and thus reversal is not required. *Grants State Bank v. Pouges*, 84 N.M. 340, 503 P.2d 320 (1972). However, this case must be remanded to the trial court to correct the decree by limiting the partial summary judgment order to the period beginning March 15, 1979, and ending June 22, 1981.

The partial summary judgment of the trial court is affirmed, and the case remanded for corrective action consistent with this opinion, and for consideration of the remaining issues.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.