305 P.2d 727

**EDWARD H. SNOW DEVELOPMENT COMPANY, Inc., Plaintiff-Appellant,**

v.

**Myrtle M. OXSHEER, Defendant-Appellee.**

No. 6079.

Supreme Court of New Mexico.

Dec. 12, 1956.

Rehearing Denied Jan. 22, 1957.

Harry O. Morris, Albuquerque, for appellant.

John E. Hall, Albuquerque, for appellee.

KIKER, Justice.

Mrs. Oxsheer was the owner of about 40 acres of land in the Heights area of Albuquerque. A real estate agent asked her for an exclusive listing, saying he thought he could get a buyer. She gave him the listing. The same day he returned with an offer of $50,000 which she refused. A binder was drawn up—by whom and to what extent was disputed, but it appears to be immaterial—in the amount of $60,-000. This was taken by the real estate

agent to Edward H. Snow, head of a construction and development company, and Snow agreed to the price of $60,000. The binder read: "1000 for 90 day option; 9000 if exercised to apply 10,000 down payment; Bal. of 50,000 to be paid as lots are released at purchaser's convenience. This is on an equal amount per lot basis".

The earnest money and down payment were paid over. The earnest money was retained by the agent, and the $9,000 check was never collected, but is presently retained in the file of one or the other of the attorneys in the case, having gone between them several times.

Mrs. Oxsheer promptly contacted her attorney so that a contract could be drawn, providing, among other things, she said, for a schedule of payment. The parties then dickered for months, Snow's attorney insisting that the contract be drawn "strictly in accordance with the binder" and Mrs. Oxsheer's attorney demanding a reasonable schedule of payments. Eventually Mrs. Oxsheer's attorney notified Snow's attorney that Mrs. Oxsheer considered the binder void, and she proceeded to sell some of the lots involved to other parties. Snow brought suit for specific performance. The court found that the parties contemplated and intended to negotiate further the matter of the $50,000 deferred balance, and held as matter of law that the binder was incapable of specific performance. Judgment was entered for Mrs. Oxsheer. Plaintiff Snow has appealed.

Plaintiff first urges here that the trial court failed to follow Rule 52(b) relating to findings of fact. Plaintiff made 35 requested findings of fact and 13 requested conclusions of law. The court entered an order "that all Findings of Fact and Conclusions of Law requested by the parties which are inconsistent with those made by the Court are hereby denied, to all of which the parties object and except."

Defendant requested 3 findings of fact and 3 conclusions of law. These requests were identical with the findings and conclusions filed as those of the court.

Reduced to its essentials, the case was one for specific performance of a binder agreement. The only disagreement between the parties was as to when the deferred balance would be paid off, and they never did come to an agreement on this matter.

The court found: (1) that the binder was entered into, reciting its clause as to payment being made "as lots are released at purchasers convenience"; (2) that the parties contemplated and intended to negotiate further the matter of deferred payments and agree on a schedule for payment of the $50,000 balance and enter into a formal contract so providing; and (3) that the parties have not reached an agreement on the maturity of the deferred balance and have not entered into a formal contract.

The court made conclusions of law holding: (1) that the real estate binder is so

uncertain and indefinite as to the maturity of the deferred balance that it is incapable of specific performance; (2) that a court of equity cannot compel the specific performance of a binder when $50,000 of a purchase price of $60,000 is to be paid at purchaser's convenience, or is deferred to some future undetermined and indefinite time; and (3) that defendant is entitled to a dismissal of plaintiff's complaint.

According to all the cases cited by appellant on this point, Rule 52(b) requires that the court find the ultimate facts. In this case it appears that the trial court did find all ultimate facts necessary to a decision.· Point One is ruled against appellant.

■ Plaintiff-appellant insists, next: "The finding of fact that the parties contemplated and intended to negotiate further the matter of deferred payments and agree on a schedule for payment of the balance is erroneous and not supported by evidence."

Appellant admitted the fact of this intention in his pleadings. Paragraph 2 of his complaint includes this: " * * * that Defendant has recognized in writing through her attorney that 'it was certainly understood between both parties that a reasonable payment schedule would be marked out and included in the formal contract.'" Plaintiff took the same· position in his reply to defendant's counterclaim. Plaintiff, also, made a requested finding of fact as follows: "That when defendant executed said binder contract, she intended 'that a ·reasonable payment schedule would be worked out and included in the formal contract.'" Plaintiff, having so pleaded and requested, cannot complain of the finding. Moreover, the finding is amply supported by evidence.

■ Plaintiff, as his third point, argues that the binder complies with the Statute of Frauds. Defendant replies that she did not at any time suggest that the Statute of Frauds is a defense and that it is not in this case. We agree with defendant. The Statute of Frauds can be raised only by an affirmative pleading. Rule 8(c).

■ Plaintiff contends next that he is entitled to specific performance on the premise that where time is not made of the essence of a contract, a reasonable time is implied, and specific performance may be granted. That portion of the binder agreement which is relied upon, material to the determination of this case, is as follows:

"The full purchase price is $60,000 and the balance, to be paid when usual and customary papers are completed, as follows:

1000 for 90 day option

9000 if exercised to apply 10,000 down payment

Bal. of 50,000 to be paid as lots are released at purchasers' convenience. This is on an equal amount per lot basis

with interest on deferred payments at 4½% per annum, payable each year.
* * * "

The trial court refused to find that the circumstances of this case gave rise to a presumption that a reasonable time was intended by the parties.

Appellant argues that the court was in error in so refusing and does this notwithstanding the fact that the binder agreement shows on its face that the $50,000 was to be paid from time to time at the convenience of the purchaser. To support his contention that a reasonable time for payment was intended by the parties, plaintiff cites the case of Hagerman v. Cowles, 14 N.M. 422, 94 P. 946, 947. There suit was brought for collection of a balance alleged to be due for the boring of an artesian well. Plaintiff had spent about 15 months, off and on, drilling the well, though other wells of that type and located in similar territory were finished in 3 or 4 months. The trial court refused to instruct that the well was to be drilled within a reasonable time. This court held that the refusal was error, saying:

"* * * it seems to be well settled that, where a contract is silent as to time, the law implies that it is to be performed within a reasonable time."

The court further said:

"It is sometimes a question of law for the court whether a contract has been performed in a reasonable time, as when it depends upon the construction of a written contract only, or upon undisputed extrinsic facts; but when it depends upon disputed facts extrinsic to the contract it is for the jury."

We do not think Hagerman v. Cowles is controlling in the present appeal. In this case the district court was asked to set a reasonable time for the payment of the deferred balance so that the parties could then draw up a formal contract. The parties could not agree what length of time was intended by the use of the language "balance of $50,000 to be paid as lots are released at purchasers convenience * * *", and so had been unable to make the intended contract.

This suit, according to the pleadings, was brought to effect the specific performance of the binder agreement, but the intention of the plaintiff, Snow, is clearly expressed in the testimony given by him, extracts from which follow:

"Q. Yes, but I mean the balance of this fifty thousand dollars purchase price was to be paid over an indefinite, undetermined length of time?

* * * * * *

"A. Yes sir.

* * * * * *

"Q. From a reading of the binder, that could be a matter of five years or

118

ten years or fifteen years, couldn't it?
A. Yes sir.

"Q. And you were not required under the terms of that binder to take as many as one deed per year, unless you wanted to, were you? A. No sir, and we got no land for the $10,000, sir.

\* \* \* \* \* \*

"Q. Yes, but you could have waited three years before you picked up a single deed, before you wanted to have your title? A. Yes.

"Q. Or five years? A. Yes sir.

\* \* \* \* \* \*

"Q. And you are here asking this Court to require this Defendant to enter into that kind of a contract with you, isn't that right? A. I think we requested the Court to set a fair time on the contract.

"Q. To make the contract for you? A. Yes sir.

"Q. And to agree upon the terms for you? A. Yes sir.

"Q. And then enforce it? A. Yes sir. \* \* \*"

■ The rule that performance must be made within a reasonable time, as set out in Hagerman v. Cowles, will not be applied by a court of equity where the contract contains a provision for deferred payment of the balance of the consideration, and thus a court of equity will not decree specific performance of a contract which does not itself set a time for payment of a deferred balance. It is stated at 81 C.J. S., § 34, p. 493, under the title Specific Performance:

"Where it is the intention of the parties to defer payment, but no provision is made as to the time of payment, the uncertainty is fatal; but mere failure to fix a time for payment will not prevent specific performance where *deferred* payment was not contemplated." (Emphasis ours.)

See also Saye v. Adams Loan & Investment Co., 173 Ga. 24, 159 S.E. 575; Burnett v. Kullak, 76 Cal. 535, 18 P. 401; Mariposa Commercial & Mining Co. v. Peters, 215 Cal. 134, 8 P.2d 849; Strack v. Roetzel, 46 Okl. 695, 148 P. 1017; Moore v. Galupo, 65 N.J.Eq. 194, 55 A. 628; Thompson on Real Property, p. 626 ff.; and compare Trotter v. Lewis, 185 Md. 528, 45 A.2d 329.

The trial court did not err in finding and concluding that the binder agreement was incapable of specific performance.

Appellant's Points Four and Five are concerned with issues already disposed of in this opinion, and it is not necessary to give these propositions further consideration.

The judgment of the district court should be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.