464 P.2d 882

George BOSTIAN and Pioneer Logging & Milling Co., a New Mexico Corporation, Plaintiffs-Appellants,

v.

ASPEN WOOD PRODUCTS CORPORATION, a New Mexico Corporation, and Jackson C. Stromberg, Individually, Defendants-Appellees.

No. 8883.

Supreme Court of New Mexico.

Feb. 2, 1970.

McAtee, Marchiondo & Michael, E. Douglas Latimer, Albuquerque, for plaintiffs-appellants.

Sutin, Thayer & Browne, Albuquerque, for defendants-appellees.

## OPINION

COMPTON, Justice.

This is an action for damages for breach of contract. Defendant, Aspen Wood Products Corporation, on January 30, 1965, entered into a written contract with plaintiffs by which it was to receive an annual minimum amount of lumber for a period of four years. Shortly thereafter defendant's mill burned and there were no further deliveries and acceptance of lumber. Plaintiffs then instituted this action for damages allegedly resulting from breach of contract. Defendant, Jackson C. Stromberg, president of defendant corporation, was joined individually as an alleged guarantor of the performance of the contract by defendant, Aspen Wood.

Pending a hearing on the merits, Aspen Wood sold the assets of the corporation to American Aspen Corporation. In the deal Aspen Wood acquired from American Aspen a $50,000.00 subordinated income debenture bond as a part of the consideration. The bond was assigned by Aspen Wood to Stromberg, and the validity of this assignment is challenged on appeal.

At a hearing on the merits, the plaintiffs severally were awarded judgment against Aspen Wood for $12,500.00, plus interest and costs. Summary judgment was granted

dismissing the action against Stromberg, and the plaintiffs have appealed.

Appellants contend that summary judgment for Stromberg was error as there yet remains genuine issues of material facts not resolved. It is a general rule freely applied where there is the slightest doubt as to whether factual issues exist, summary judgment is improper. Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65; Boggs v. Anderson, 72 N.M. 136, 381 P.2d 419. Compare Cessna Finance Corporation v. Mesilla Valley Flying Service, Inc., 81 N.M. 10, 462 P.2d 144. But the record here does not raise a doubt as to the correctness of the judgment. While the contract required Aspen Wood to complete a four year contract, the guarantee signed by Stromberg was drastically limited. The guarantee appended to the contract, Exhibit "A," reads:

"I, hereby, agree to guarantee that payment of all lumber *delivered* and *accepted* pursuant to the terms of the foregoing contract and specifications as outlined in Exhibit 'A.'" (Emphasis ours)

Stromberg's supporting affidavit specifically states that all lumber delivered and accepted by Aspen Wood had been paid for in full, and this statement is not denied. Bostian's affidavit opposing the motion reads:

"1. That Jack C. Stromberg personally represented to me that he was the sole stockholder of Aspen Wood Products.

"2. That I dealt with Jack C. Stromberg on a personal basis.

"3. That I refused to make a contract with his corporation without his personal guaranty that his corporation would perform the contract.

"4. That his personal guaranty was understood by me, as it was represented by Jack C. Stromberg, to be an agreement that Jack would pay for any damages that I would incur in the event the corporation could not meet the terms of the agreement.

"5. That the language of the guaranty was supplied by Jack C. Stromberg.

"6. That because I am ignorant of the law relative to such matters, I relied on the representation of Jack C. Stromberg to the effect that he knew what he was doing and therefore did not have the language of the guaranty approved by an attorney.

"7. That both Jack C. Stromberg and I understood the 'Supplemental Agreement' to continue the personal guaranty in the original agreement and that paragraph 7 in the Supplemental Agreement covered this."

We think it is obvious that Bostian's affidavit fails to raise a factual issue as to Stromberg's further liability as a guarantor.

Apparently the assignment of the bond to Stromberg rendered Aspen Wood insolvent, and appellants' complaint so alleges. The contention is made that Stromberg and Aspen Wood are one and the same, each being the alter ego of the other. Stromberg's affidavit supporting his motion for summary judgment enumerated extensive facts demonstrating that he and Aspen Wood were not the alter ego of the other. These facts are undisputed. Bostian's affidavit does not address itself to the question of alter ego. It relates only to the "guarantee" signed by Stromberg.

Appellants next complain as to the inadequacy of the award of $12,500.00. Concerning this question, the record discloses that they failed to request findings of fact and conclusions of law, and the trial court made none. In this situation there can be no review of the evidence. Edington v. Alba, 74 N.M. 263, 392 P.2d 675; Darr v. Eldridge, 66 N.M. 260, 346 P.2d 1041, 77 A.L.R.2d 1052.

The judgment should be affirmed.

It is so ordered.

WATSON, J., and J. V. GALLEGOS, District Judge, concur.