496 P.2d 1102

Hallie C. **SANDERS** et al., Plaintiffs-Appellants,

v.

Joseph L. **SMITH** et al., Defendants-Appellees.

No. 704.

Court of Appeals of New Mexico.

Jan. 21, 1972.

Rehearing Denied March 20, 1972.

Certiorari Denied May 2, 1972.

Dale B. Dilts, Albuquerque, for appellants.

Charles B. Larrabee, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellee Joseph L. Smith.

James R. Toulouse, Toulouse & Moore, Albuquerque, for appellees Don Rupert, General Adjustment Bureau, Great American Insurance Co.

## OPINION

SUTIN, Judge.

This case involves, (1) a claim to recover damages against an attorney for legal malpractice which allegedly occurred during preparation for, investigation and trial of, a damage suit in Federal Court; and (2) for breach of contract, fraud and deceit against the other defendants. The trial court awarded summary judgment in favor of all defendants. Plaintiffs appeal.

We affirm as to the attorney. We reverse as to the other defendants.

1. *Was Summary Judgment Proper on the Issue of Legal Malpractice?*

The Federal Court trial involved an automobile collision on March 20, 1964, between plaintiffs' vehicle and a defendant's truck in the cross-over of the median on U.S. Highway 66 at Clines Corners. The jury returned a verdict for defendants.

Plaintiffs contend their attorney negligently prepared, investigated and tried the case in Federal Court as follows:

1. The attorney had in his possession but failed to introduce in evidence an aerial photograph of the scene which showed the 55 mph speed sign at the point of impact; that the attorney had such a photograph and it was not placed before the jury. Plaintiffs assert that the jury verdict for the defendants was based on the claim that Mrs. Sanders was speeding. Defendants claimed that Mrs. Sanders was going 60 mph in a 55 mph zone. Plaintiffs claim that the photo would have established that Mrs. Sanders had not yet entered the 55 mph zone when the accident occurred.

2. The attorney failed to obtain and introduce in evidence a New Mexico Highway Department log and diagram of the scene showing that the speed sign was located at the point of impact.

3. The attorney failed to impeach certain witnesses on the issue of the speed Mrs. Sanders was travelling, by use of prior statements they had made.

4. The attorney used the deposition of defendant Gehring instead of calling him as an adverse witness.

5. The attorney failed to use an expert witness to counteract impressions left by diagrams.

6. The attorney failed to call as a witness the Justice of the Peace before whom Gehring pled guilty to the traffic offense, even though the plea of guilty was estab-

lished in evidence by Gehring's deposition.

7. The jury was not polled.

8. The attorney failed to advise the plaintiffs of settlement offers.

9. The attorney negligently failed to take an appeal from an adverse judgment entered in the Federal Court.

To support the defendant attorney's motion for summary judgment, he attached to his motion, (1) his own affidavit, together with all depositions and a complete transcript of the record in the Federal trial; (2) affidavits of three attorneys, two of whom were defense counsel in the Federal trial; (3) the affidavit of the regional claims manager of defendant insurance company.

The plaintiffs did not counter with any affidavits, depositions or testimony of any attorneys.

Plaintiffs filed a first amended complaint; defendants filed a motion for summary judgment.

On November 23, 24, 1970, summary judgment was granted all defendants.

This is a matter of first impression in New Mexico on the subject of liability for legal malpractice.

Plaintiffs do not seek to establish what the standard of legal practice is or should be in New Mexico. They contend in their brief that "we have informed the judge of issues of fact to be presented to the jury when all doubts are resolved in favor of plaintiffs in accord with Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964). In fact the affidavits of the Plaintiff Sanders create issues of fact on all material matters." *Cervantes* is a medical malpractice case in which summary judgment was granted the doctor, and it was affirmed. This is the only citation in plaintiffs' brief and the only argument made on the issue of an attorney's liability for negligence.

We limit this opinion to plaintiffs' claim and argument to determine whether an issue of material fact exists.

In *Cervantes,* the court said:

Before a physician or surgeon can be held liable for malpractice in the treatment of his patient, he must have departed from the recognized standards of medical practice *in the community,* or must have neglected to do something required by those standards. [Cases cited]. The fact that a poor result is achieved or that an unintended incident transpired, *unless exceptional circumstances are present,* does not establish liability without a showing that the result or incident occurred because of the physician's failure to meet the standard either by his acts, neglect, or inattention. *Such facts must generally be established by expert testimony.* [Citations.] *Likewise, expert testimony is generally required to establish causal connection.* [Emphasis added].

On expert testimony, see also Crouch v. Most, 78 N.M. 406, 432 P.2d 250 (1967); Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (Ct.App.1969); Binns v. Schoenbrun, 81 N.M. 489, 468 P.2d 890 (Ct.App.1970).

Expert testimony in claims of legal malpractice means testimony of lawyers. See Dorf v. Relles, 355 F.2d 488, 17 A.L.R.3d 1433 (7th Cir. 1966). The defendant attorney presented affidavits of three lawyers that the preparation, investigation and trial in Federal Court were handled in a professional manner without negligence. These affidavits stand uncontradicted by any expert testimony. Sanders, except for their own affidavits and attachments, presented no evidence in the trial court by way of affidavits, depositions or testimony of any lawyer to substantiate his claims that the trial attorney in the Federal Court case "departed from the recognized standards of [legal] practice in the community, or must have neglected to do something required by those standards." He relies on his own affidavits and attachments. But the facts stated in the affidavits are inadmissible, because departure from or neglect of legal standards lies in the field of knowledge in which only an attorney can give a competent opin-

ion. Woods v. Brumlop, 71 N.M. 221, 377 P.2d 520 (1962); U.J.I. 8.1, both applicable to medical malpractice.

" * * * [W]here the facts are not in dispute, but only the legal effect of the facts is presented for determination, summary judgment may be properly granted." Pederson v. Lothman, 63 N.M. 364, 320 P. 2d 378 (1958). After the defendant attorney sustained his burden to establish the absence of a fact issue by expert testimony, the plaintiffs could not remain silent. They must apprise the court of available expert proof to the contrary and then produce it. Cervantes v. Forbis, supra. The plaintiffs did not claim they had any such expert proof.

Two factors are imperative in legal malpractice based upon negligence, (1) that the trial attorney was negligent in the preparation, investigation, or trial of a case; and (2) his negligence was the proximate cause of the injury. Buchanan v. Downing, 74 N.M. 423, 394 P.2d 269 (1964). A lay witness does not have the experience, knowledge and wisdom to opinionate on the complexities of trial practice, including the verdict that a jury will render.

We do not believe that an issue of material fact exists on questions of negligence and proximate cause in the preparation, investigation, trial and failure to appeal the Federal Court case.

We wish to make it clear that this decision does not intend to establish recognized standards of legal practice in New Mexico, nor proof of legal malpractice. We answer only the contention of the plaintiffs in this case. The summary judgment in favor of the defendant attorney is affirmed.

2. *Was Summary Judgment Proper on Plaintiffs' Contention Against the Other Defendants On an Alleged Oral Agreement to Pay Plaintiffs Three Times Their Special Damages?*

Plaintiffs contend on this appeal (1) that "Great American Insurance Company by its agents, Rupert and General Adjustment Bureau, Inc. entered into an oral agreement with the Plaintiffs to pay them three times their special damages resulting from the auto collision in return for the Plaintiffs' agreement not to employ an attorney and sue. After an extended period of time the amount agreed upon was computed and the company refused to pay." (2) That these defendants fraudulently represented that they would pay plaintiffs three times their specials and repudiated the agreement.

By affidavit and by deposition, plaintiffs testified that the defendants' agents "repeatedly admitted liability of the defendant insurance company which they represented beginning on the Monday after the accident. They advised us that the rule of thumb for settlement was three times the medical bills. We worked with Mr. Rupert for about eighteen months under the false impression that he would settle with us for three times the medical. After this amount was figured out at the end of the time he refused to pay accordingly and it was necessary for us to get a lawyer. An offer of $19,000.00 was made by Rupert and he finally showed us a letter from the company giving him permission to offer $20,000.00. At that time our specials and medical was (sic) over $14,000.00; that the plaintiffs arrived at a definite settlement figure * * * Mr. Rupert was given the total of the specials for the entire family and the total was multiplied by three as the offer the mentioned defendants had offered us immediately after the accident." Plaintiffs were told specifically not to obtain a lawyer in order to save both parties money and that the insurance company would settle the case.

The first trial judge overruled defendants' motions for summary judgment because a doubt existed in his mind on whether there was an admission of liability and an offer to settle with plaintiffs for three times the medical expenses. We agree.

The defendants first claim that plaintiffs have no cause of action against defendants for breach of contract or fraud

after plaintiffs sued in Federal Court and lost. The reasons given are that the essential elements of contract and fraud are not present. Reference is made to conflicting evidence of plaintiffs as well as evidence favorable to defendants. Here again, we must repeat that where a factual conflict exists in plaintiffs' testimony, summary judgment is improper because we do not weigh the evidence. A summary judgment may be granted only where the facts are clear and undisputed. Hinojosa v. Nielson, 83 N.M. 267, 490 P.2d 1240 (Ct. App.) decided October 15, 1971. If there is the slightest doubt whether a factual issue exists, summary judgment should be denied. Bostian v. Aspen Wood Products Corporation, 81 N.M. 152, 464 P.2d 882 (1970).

### (a) *Breach of Contract*

The record here raises a doubt as to the correctness of the summary judgment. The facts and reasonable inferences to be drawn therefrom establish a genuine issue of material fact as to an offer and acceptance of three times the medical expense in settlement and a breach thereof. There was mutuality of obligation, a meeting of the minds, and consideration. The defendants admitted liability. They specifically told plaintiffs not to obtain a lawyer in order that both parties would save money.

The defendants claim waiver. The record does not show by clear and undisputed facts that plaintiffs actually intended to abandon or relinquish their contractual rights with the defendants. Ed. Black's Chevrolet Center, Inc. v. Melichar, 81 N.M. 602, 471 P.2d 172 (1970). There is evidence that after the contract was breached, plaintiffs pursued activity to sue for damages, not against these defendants, but against other parties. They were forced to do this. Perhaps an issue of fact exists on the question of waiver as a legal defense, but it does not exist as a matter of law.

The defendants mention the defense of the Statute of Frauds. This was not claimed as a defense in the trial court.

Edward H. Snow Development Company v. Oxsheer, 62 N.M. 113, 305 P.2d 727 (1956).

Mention is also made that plaintiffs had a choice of remedies. No argument is made or authority cited to support this claim.

### (b) *Fraud*

Defendants contend "that at no time did plaintiffs rely on the representation [of Rupert] nor was any injury caused thereby." The facts on these material issues are not clear and undisputed. The Federal Court suit is irrelevant to this contention.

The summary judgment in favor of the defendant attorney is affirmed. The summary judgment against Rupert, General Adjustment Bureau, Inc., and Great American Insurance Company is reversed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.