FILED
United States Court of Appeals
Tenth Circuit

February 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARY JEROME LYON;
JEANNE LYON,

        Plaintiffs-Appellants,

v.

ESTEBAN A. AGUILAR, SR.;
AGUILAR LAW OFFICES, and
DOES I-X,

        Defendants-Appellees.

No. 10-2192
(D.C. No. 1:08-CV-01114-LFG-DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**McKAY**, Circuit Judge.

---

Pro se plaintiffs-appellants Gary and Jeanne Lyon appeal from the district

court's judgment entered in favor of defendants-appellees Esteban A. Aguilar and

Aguilar Law Offices, P.C. ("ALO"). On appeal, plaintiffs challenge the district

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's orders (1) granting summary judgment in favor of defendants on all claims in the complaint; (2) denying plaintiffs' motion to amend their complaint; and (3) denying plaintiffs' motion to disqualify defense counsel. We have jurisdiction over this diversity case pursuant to 28 U.S.C. § 1291, and we affirm.

I.

The district court provided a thorough summary of the facts in its orders granting summary judgment, and we need not restate them in detail here. This case involves allegations of legal malpractice arising out of Mr. Aguilar's representation of plaintiffs in two related cases filed in state court in New Mexico: a legal malpractice suit against Gregory Pelton, and an insurance bad faith suit against Title Resources Guaranty (TRG). In the state cases, summary judgment was granted in favor of TRG and partial summary judgment was granted in favor of Mr. Pelton. After Mr. Aguilar was given permission to withdraw from representing plaintiffs, they dismissed the remaining claims they had against Mr. Pelton.

Plaintiffs ultimately filed a pro se complaint in federal district court against Mr. Aguilar and his law firm, alleging various state law claims including breach of contract, professional malpractice, and breach of fiduciary duty arising out of defendants' representation in the TRG and Pelton cases. Plaintiffs subsequently moved to amend their complaint to assert claims under 42 U.S.C. § 1983, alleging that defendants violated their constitutional rights to due process and equal

-2-

protection. The district court denied the motion. Plaintiffs also moved to disqualify the Madison law firm from representing defendants. The district court also denied that motion.

Defendants filed three motions for partial summary judgment. In the first motion, defendants moved to dismiss with prejudice all of plaintiffs' claims that were not covered by defendants' professional liability insurance policy. In the second and third motions, defendants moved for judgment on the remaining claims for professional malpractice and breach of fiduciary duty related to defendants' handling of plaintiffs' cases against TRG and Mr. Pelton. The district court granted all three motions and entered judgment in favor of defendants. Plaintiffs now appeal and challenge the district court's orders denying their motion to amend their complaint, denying their motion to disqualify defense counsel, and granting summary judgment in favor of defendants on all claims in the complaint.

II.

We review for abuse of discretion the district court's denial of the motion to amend and the denial of the motion to disqualify counsel. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *Chavez v. New Mexico*, 397 F.3d 826, 839 (10th Cir. 2005). "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Summary

-3-

judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]  "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison,* 428 F.3d at 935 (quotation omitted).

Motion to Amend Complaint

The district court denied plaintiffs' motion to amend their complaint, concluding it would be futile to allow amendment of the complaint to add a § 1983 claim because it would be subject to a subsequent motion to dismiss under Fed. R. Civ. P. 12(b)(6).  The district court reached this conclusion based on its determination that plaintiffs could not show that the two defendants in this case—a private attorney and his law firm—acted under color of state law, which is a requirement for stating a claim under § 1983, *see West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged [constitutional] deprivation was committed by a person acting under color of state law.").

---

[1]  Rule 56 has recently been amended, effective December 1, 2010.  The summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), and there was one word change from the previous version–genuine "issue" became genuine "dispute."  Fed. R. Civ. P. 56 advisory committee note (2010 Amendments).  But the "standard for granting summary judgment remains unchanged."  *Id*.

In plaintiffs' proposed amended complaint, they alleged that defendants' fraudulent misrepresentations and manipulation of the New Mexico Second Judicial District Court and the New Mexico Court of Appeals resulted in violations of their constitutional rights to due process. Plaintiffs relied on *Dennis v. Sparks*, 449 U.S. 24 (1980), to support their motion to amend. In *Dennis*, the Court found that private actors were acting under color of state law because they were "willful participant[s] in a joint action" with a judge. *See id*. at 27-28. In contrast, plaintiffs here did not allege any joint action between defendants and the various judges or courts before whom plaintiffs' litigated. In addition, plaintiffs acknowledged in their objections to the order denying their motion to amend that their case was different from the *Dennis* case because "the New Mexico Courts were deceived unknowing participants," as compared to the judge in the *Dennis* case who was a "coconspirator." R. Vol. 1 at 248. Because plaintiffs' proposed amended complaint did not state a valid § 1983 claim and would have been subject to dismissal, the district court properly denied plaintiffs' motion to amend based on futility. *See Anderson*, 499 F.3d at 1238.

Motion to Disqualify Counsel

In its order denying the motion, the district court noted that plaintiffs were not seeking to disqualify the Madison firm because that firm had previously represented plaintiffs and was now representing Mr. Aguilar and ALO in opposition to plaintiffs; instead, plaintiffs offered a somewhat "novel" theory to

disqualify the Madison law firm from representing defendants.  R. Vol. 1 at 482.

Plaintiffs asserted that since Michael Brennan, formerly with the Madison firm, represented Mr. Pelton in their legal malpractice action against him, the Madison firm should be disqualified from representing defendants in this litigation because Mr. Aguilar was their attorney in the Pelton litigation.  Plaintiffs also contended that certain pleadings filed in the Pelton litigation might become exhibits in the present litigation, and those exhibits would have the Madison firm's name on them; and further that members of the Madison firm might be called upon to give testimony in plaintiffs' lawsuit against defendants.

The district court concluded that there was no apparent conflict of interest in the Madison firm's representation of Mr. Pelton that would preclude them from representing defendants in this case; the Professional Rules of Responsibility did not preclude the Madison firm from representing defendants; and Mr. Brennan and the Madison firm owed no duty to the plaintiffs in either the present or prior litigation.  The court noted also that "to the extent any information about the Madison firm's prior representation of [Mr. Pelton] is relevant, that information is likely available from other sources that would not serve to put the Madison firm in a position of conflict or violating its obligations of confidentiality." *Id*. at 486. Plaintiffs subsequently filed a motion for reconsideration, which the district court denied.  Plaintiffs have failed to show that the district court abused its discretion in denying their motion to disqualify or their motion for reconsideration.

<u>Summary Judgment on the Claims not Covered by Insurance</u>

Defendants moved for summary judgment on the claims in the complaint that were not covered by defendants' insurance policy, arguing that those claims were discharged in defendants' respective bankruptcy proceedings. The district court agreed and granted summary judgment on all claims in the complaint except the claims for professional malpractice and breach of fiduciary duty.

Mr. Aguilar and ALO had each initiated separate bankruptcy proceedings before plaintiffs filed suit against them. After plaintiffs commenced their lawsuit, defendants notified the district court of their bankruptcy proceedings and the litigation was automatically stayed. Plaintiffs initially filed an adversary complaint in bankruptcy court seeking a ruling that their claims against defendants were non-dischargeable; alternatively, they requested that the bankruptcy court lift the stay to allow their suit to proceed in district court for recovery of damages up to the limits of defendants' liability insurance coverage. Ultimately, plaintiffs were able to obtain orders from the bankruptcy court granting a partial lifting of the automatic stay. Plaintiffs subsequently dismissed their adversary action in the bankruptcy proceedings and did not further participate in or contest either the personal or corporate bankruptcy cases. The bankruptcy court discharged defendants' debts and both bankruptcy proceedings were closed by final decree in October 2009.

On appeal, plaintiffs argue that the district court usurped the jurisdictional authority of the bankruptcy court and erred in granting summary judgment in favor of defendants on all claims not covered by the insurance policy. We disagree. Plaintiffs have failed to show any reversible error in the district court's decision.

The bankruptcy code has a specific procedure for creditors to challenge the discharge of claims by filing an adversary complaint within sixty days after the first creditors' meeting. *See* 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c). That filing deadline expired in defendants' bankruptcy proceedings in March 2009. Plaintiffs initially filed a timely adversary complaint, but then they sought and were granted a dismissal of that complaint. By dismissing their complaint, plaintiffs relinquished their opportunity to have the bankruptcy court rule on the dischargeability of their claims against defendants.

Both defendants have received a discharge of their debts in their respective bankruptcy proceedings, which includes any debts to plaintiffs arising from any claim for which a policy of insurance was not available. Under the bankruptcy code, a discharge in bankruptcy voids any judgment on a debt that has been discharged, and operates as an injunction against the commencement or continuation of any action to collect or recover or offset any debt that has been discharged. *See* 11 U.S.C. § 524(a). As the district court aptly concluded: "If [plaintiffs] intended to assert that their causes of action . . . were

-8-

non-dischargeable, they could have continued with [their] Adversary Proceedings and obtained a ruling from the Bankruptcy Court on that issue. They chose not to do so, and it is now too late." R. Vol. 2 at 230. Because any claims against defendants that were not covered by their insurance policy were discharged in their bankruptcy proceedings, the district court properly granted summary judgment on those claims.

Summary Judgment on the Legal Malpractice and Fiduciary Duty Claims

In New Mexico, a plaintiff alleging legal malpractice based on attorney negligence must make two showings: (1) that the attorney was negligent in the preparation, investigation, or trial of the case; and (2) the attorney's negligence was the proximate cause of plaintiff's injuries. *Sanders v. Smith*, 496 P.2d 1102, 1105 (N.M. Ct. App. 1972). Both elements must be proved by expert testimony from an attorney. *Id.* at 1104-05.

The district court granted summary judgment on plaintiffs' claims for legal malpractice and breach of fiduciary duty with respect to defendants' handling of plaintiffs' lawsuits against TRG and Mr. Pelton because plaintiffs failed to proffer expert testimony on causation, an essential element of their claims. The district court noted that although plaintiffs submitted an expert report that opined about how defendants were negligent and breached their fiduciary duties to plaintiffs, the expert did not give an opinion as to how any of the listed acts of negligence or breaches of fiduciary duty were the proximate cause of plaintiffs' lack of success

in the TRG or Pelton litigation.  In other words, the expert did not specify how the results of the TRG or Pelton litigation would have been different had defendants not been negligent and not breached their fiduciary duties.

On appeal, plaintiffs argue generally that the district court erred in granting summary judgment because the court ignored disputed issues of fact in their responses to summary judgment.  But they have not cited to any evidence to rebut the district court's determination that their expert failed to offer an opinion on causation.  Summary judgment was therefore proper on plaintiffs' claims for malpractice and breach of fiduciary duty in defendants' handling of the TRG and Pelton cases.

### III.

The judgment of the district court is AFFIRMED.  We grant defendants' motion to STRIKE plaintiffs' reply appendix because plaintiffs failed to seek permission to file a supplemental appendix as required by 10th Cir. R. 30.2 and all documents necessary for consideration of this appeal are contained in the record on appeal submitted by the district court.

Entered for the Court


Monroe G. McKay
Circuit Judge

-10-