**PLANT V. BNSF RAILWAY CO.**

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**CLINTON PLANT,**
**Plaintiff-Appellant,**
v.
**BNSF RAILWAY COMPANY,**
**Defendant-Appellee.**

Docket No. A-1-CA-35822
COURT OF APPEALS OF NEW MEXICO
April 4, 2019

APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY, James Lawrence Sanchez, District Judge

**COUNSEL**

Long, Komer & Associates, P.A., Mark E. Komer, Jonas M. Nahoum, Santa Fe, NM, Hunegs, LeNeave & Kvas, Willaim Kvas, Wayzata, MN, for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Tim L. Fields, Nathan T. Nieman, Jennifer L. Bradfute, Albuquerque, NM, for Appellee.

**JUDGES**

MEGAN P. DUFFY, Judge. WE CONCUR: J. MILES HANISEE, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** MEGAN P. DUFFY

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiff Clinton Plant appeals the district court's order granting BNSF Railway Company's (BNSF) motion for summary judgment and dismissing his complaint for personal injuries with prejudice. Because Plaintiff failed to meet his burden to rebut BNSF's prima facie showing regarding causation, we affirm the district court.

## BACKGROUND

**{2}** Plaintiff worked as a conductor for BNSF and alleges that he was injured due to BNSF's negligent handling of a "shoving" movement, where a locomotive engine pushes a string of rail cars from behind to couple them with a set of standing cars. During the shove, Plaintiff rode in the front car of an eighty-one car string and communicated by radio with the engineer operating the locomotive at the back of the string, who controlled the speed and braking of the train. Plaintiff alleges that the train movement stopped abruptly, without warning, and caused " 'slack action' . . . from the chain reaction of the [eighty-one] cars in the string moving forward and then slamming against their couplings." Plaintiff states that he managed to hold on to the railcar ladder on the side of the train to prevent being thrown to the ground, but this caused injury to his left arm and shoulder.

**{3}** Plaintiff filed suit against BNSF under the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51-60 (2012), alleging that BNSF was negligent under two theories: (1) negligence arising from BNSF's failure to provide him with a reasonably safe place to work (negligent train handling) and (2) "strict liability" arising from BNSF's alleged violation of a Federal Railroad Administration regulation regarding radio transmissions. *See* 49 C.F.R. § 220.31 (2018) ("Initiating a radio transmission"). Nearly two years after Plaintiff initiated the lawsuit, BNSF filed a motion for summary judgment, arguing that (1) Plaintiff does not have an expert to support his claim that negligent train handling caused his injuries (i.e. a liability expert), and (2) Plaintiff has not established medical causation for his injuries. In response, Plaintiff argued that (1) expert testimony was not required to establish the standard of care for a shove movement under the FELA or to opine about BNSF's breach of that standard; and (2) while "medical testimony [was] necessary to establish causation," he would provide that testimony at trial.

**{4}** The district court conducted a forty-minute hearing on the motion and heard argument on both issues before granting summary judgment. The district court concluded that the issues in this case involve the possession and use of special knowledge and skills regarding train handling or improper radio communications, and expert testimony was therefore required as a matter of law to establish liability. The district court also determined that Plaintiff had failed to come forward with evidence to establish a question of fact as to causation for his left shoulder injury. Following the hearing, the district court entered an order granting summary judgment and dismissing all of Plaintiff's claims with prejudice.[1]

## DISCUSSION

**{5}** The district court granted summary judgment on two grounds: (1) that Plaintiff lacked an expert witness to testify about liability; and (2) that Plaintiff lacked evidence of

---

[1]The district court's written order does not specify the basis for granting the motion. We refer to Rule 1-056(C) NMRA, which states, "If alternative grounds for summary judgment have been presented to the court, the order granting or denying the motion for summary judgment shall specify the grounds upon which the order is based."

medical causation. Either basis is dispositive of all of Plaintiff's claims; therefore, unless reversal is appropriate on both theories, we must affirm the district court's order. On appeal, Plaintiff argues that if we reverse on the first issue, we should permit him additional time to meet his burden on the second issue by allowing him to present an affidavit in support of medical causation. Because summary judgment was appropriate as to medical causation, we affirm the district court.

**Standard of Review**

**{6}**     "FELA actions in state courts follow state procedural rules, including rules for summary judgment." *Noice v. BNSF Ry. Co.*, 2015-NMCA-054, ¶ 20, 348 P.3d 1043; *see St. Louis Sw. Ry. Co. v. Dickerson*, 470 U.S. 409, 411 (1985) ("As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal."). "We review an order granting summary judgment de novo." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 12, 148 N.M. 627, 241 P.3d 628. Summary judgment is appropriate where the facts are not in dispute and only the legal effect of those facts remain to be determined. *See Gardner-Zemke Co. v. State*, 1990-NMSC-034, ¶ 11, 109 N.M. 729, 790 P.2d 1010. "The burden is first on the moving party to make a prima facie showing that there is no genuine issue of fact as to one or more of the requisite elements in [nonmovant's] claim." *Bartlett v. Mirabal*, 2000-NMCA-036, ¶ 17, 128 N.M. 830, 999 P.2d 1062 (alterations, internal quotation marks, and citation, omitted); *see also Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("The movant need only make a prima facie showing that he [or she] is entitled to summary judgment."). The burden then "shifts to the [non movant] to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* "Where an appeal is taken from an order granting summary judgment, the reviewing court will assess the record in the light most favorable to support a trial on the merits." *Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 10, 114 N.M. 228, 836 P.2d 1249.

**Summary Judgment Was Proper on Medical Causation**

**{7}**     BNSF argues that expert medical testimony was necessary to establish that Plaintiff's injuries were caused by the shoving incident. BNSF further states that although Plaintiff had designated one of his treating physicians, Dr. Bair, as an expert who would testify about causation, Plaintiff had not produced evidence of Dr. Bair's opinion that Plaintiff's left arm and left shoulder injuries were caused by the incident. In addition, BNSF presented deposition testimony from Plaintiff's other treating physician to demonstrate that the injuries could have been the result of other causes unrelated to the shove—"wear and tear" and degeneration.[2] Under similar circumstances, we have held that a defendant made a prima facie showing of its entitlement to summary judgment by alleging that the plaintiffs could not point to the existence of required expert

---

[2]Contrary to Plaintiff's suggestion, BNSF was not required to provide a "counter-affidavit purporting to negate medical causation or Plaintiff's deposition testimony." We specifically rejected this argument in Blauwcamp, 1992-NMCA-048, ¶ 15 (recognizing that defendant need not affirmatively disprove plaintiff's claim to demonstrate a prima facie case of entitlement to summary judgment).

evidence to establish an element of their claim. *See id.* ¶ 16 (holding, in the context of a medical malpractice action, that plaintiffs' admission that they lacked an expert witness was sufficient to support the defendants' prima facie showing of entitlement to summary judgment on the basis that the nonmoving party's evidence was insufficient to establish an essential element of the nonmoving party's claim.). BNSF thus met its initial burden to establish a prima facie case for summary judgment.

**{8}** Once BNSF made a prima facie showing that it was entitled to summary judgment, the burden shifted to Plaintiff to come forward with an affidavit or other evidence demonstrating that his injuries were caused by the shove. *See id.* ¶ 18. As an initial matter, Plaintiff acknowledged in his response that expert testimony was needed to establish medical causation. Consequently, he has waived any argument on appeal that an expert was not required or that he could establish causation through his own testimony. *See* Rule 12-321(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked."); *Haaland v. Baltzley*, 1990-NMSC-086, ¶ 14, 110 N.M. 585, 798 P.2d 186 ("Facts stipulated to are not reviewable on appeal."). Plaintiff did not provide an affidavit from Dr. Bair, and the medical records and expert witness disclosure he produced as exhibits did not contain a causation opinion. Plaintiff's substantive response to the motion stated only that "he will rely on Dr. Bair to provide testimony *at trial* on medical causation" and "[*a*]*t trial*, Dr. Bair will provide testimony [that establishes that] his causation opinion is supported by the necessary medical probability." (Emphasis added.)

**{9}** It is well settled that a nonmovant's promise of evidence to come is insufficient to rebut a prima facie case for summary judgment. *See Sanders v. Smith*, 1972-NMCA-016, ¶ 15, 83 N.M. 706, 496 P.2d 1102 (stating that after the defendant met its initial burden, "the plaintiffs could not remain silent. They must apprise the court of available expert proof to the contrary and then produce it."); *see also Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 ("A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint. Rather, the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues." (alterations, internal quotation marks, and citations omitted)); *Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 22, 99 N.M. 436, 659 P.2d 888 ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant."). Having failed to produce any evidence of medical causation, Plaintiff failed to meet his burden to rebut BNSF's prima facie showing. The district court properly granted summary judgment on medical causation. *See Mayfield Smithson Enters v. Com-Quip, Inc.*, 1995-NMSC-034, ¶ 22, 120 N.M. 9, 896 P.2d 1156. ("Summary judgment is appropriate when a defendant negates an essential element of the plaintiff's case by demonstrating the absence of an issue of fact regarding that element.").

**The District Court Did Not Err in Declining Plaintiff's Request for Additional Time**

**{10}** We briefly address Plaintiff's request, made below and on appeal, for additional time to submit an affidavit on the issue of medical causation. While late summary judgment affidavits should be accepted in certain circumstances, our holdings to that effect have been limited to instances where the affidavits were proffered by the nonmoving party at the summary judgment hearing. *See Richards v. Upjohn Co.*, 1980-NMCA-062, ¶ 22, 95 N.M. 675, 625 P.2d 1192 ("[A]n affidavit submitted the day of the summary judgment hearing should be allowed, unless the other party needs time to rebut the information contained in the affidavit, and there is some reason that the hearing cannot be postponed."); *see also Marquez v. Gomez*, 1991-NMCA-066, ¶ 25, 116 N.M. 626, 866 P.2d 354 (holding that the district court should have considered affidavits tendered on the day of the hearing when the defendants did not argue that they were prejudiced). Neither *Richards* nor *Marquez* stands for the proposition that the district court must allow Plaintiff additional time *after* the summary judgment hearing to bring forth evidence to controvert the moving party's prima facie case; such a request is in essence a request that the district court allow the nonmoving party a second chance to survive summary judgment.

**{11}** If Plaintiff was unable to procure an affidavit from his expert before the hearing, Rule 1-056(F) NMRA provided the mechanism for him to seek an extension of time to obtain it. Plaintiff did not invoke Rule 1-056(F), as he neither presented his own affidavit nor explained why he needed more time. There is no indication in the record that the affidavit Plaintiff needed was unavailable to him before the motion hearing. *See Wilde* , 2010-NMCA-085, ¶¶ 33-39 (affirming district court's refusal to consider affidavit filed after motion for summary judgment was granted when the party submitting the affidavit failed to provide any reason why she did not present it or disclose its contents at the summary judgment hearing). The district court did not abuse its discretion in denying Plaintiff's request for additional time.

**{12}** Because we find that the lack of expert evidence regarding medical causation was sufficient to justify summary judgment and that summary judgment on this issue is dispositive of all of Plaintiff's claims, we do not reach the remaining issue of whether expert testimony was required to establish liability.

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm the district court's order granting BNSF's motion for summary judgment.

**{14}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JULIE J. VARGAS, Judge**